## KING vs. LAWRENCE and another.

Where a complaint alleged that certain funds were held by A, at the time of his death, in trust for the plaintiff, who had created the trust for her own benefit, and that the defendants, who were A's executors, had refused to account to the plaintiff for such funds, and had converted them: *Held*, that the complaint showed a good cause of action.

In an action against executors to recover funds specifically bequeathed by their testator, but which are alleged to belong to the plaintiff, it is not necessary that the legatees of such funds should be made defendants.

APPEAL from the Circuit Court for *Rock* County.

The complaint in this action states, in substance, that the plaintiff, *Hannah M. King*, is the widow of Jeremiah B. King, deceased; that said Jeremiah, at the time of his death, was seised of certain real estate, in which she was entitled to dower; that in May, 1856, she executed a power of attorney whereby she authorized Chauncey P. King to sell her said dower interest, &c.; that afterwards said Chauncey, in pursuance of that authority, sold and conveyed said dower interest and received the price thereof; that by an instrument in writing, made by said Chauncey, in January, 1857, he acknowledged that he had received for said dower interest $2,000, which he had invested in certain securities (specified in the complaint), that he held it in trust, and that the interest thereof was to be paid semi-annually to the plaintiff for her own use during her life. The com-

plaint further alleges the decease of said Chauncey P. King in June, 1857, the execution and probate of his will, the issue of letters testamentary to the defendants as her executors, and their qualification as such, &c. It further alleges that by his last will said Chauncey, among other things, " bequeathed the aforesaid $2,000;" that the same is the proper money of the plaintiff, and that she is entitled to the possession thereof; that the defendants have taken possession and control of the securities taken by said Chauncey for the payment of said sum of $2,000, and have collected a certain portion of the money so invested, and claim a right, "in virtue of their being executors as aforesaid," to control the money so collected and the securities remaining in their hands, and have converted the same and also moneys paid to them as interest thereon; that they ought to account and pay over the same to her; that she has demanded the same of them, and they have refused to comply with the demand. Wherefore she demands judgment, that the defendants deliver to her all the securities for said sum of $2,000 still held by them, and account to her for all moneys received by them as principal or interest upon the same; and that said securities be declared to be trust property, and the money thus secured trust money belonging to the plaintiff; and for general relief.

The defendants demurred to the complaint as not stating facts sufficient to constitute a cause of action, and specified the following objections: 1. That there was no sufficient statement of facts from which the court could judge of the duties, rights and liabilities of the executors under the will of Chauncey P. King, no copy of the will being given, nor any statement of its substance. 2. The acts of the defendants as executors of said will being complained of, the suit should have been brought against them as such executors. 3. The legatees of the $2,000 were necessary parties to the action. 4. It did not appear that the plaintiff had any claim upon the principal sum of $2,000, but only that she was entitled to the semi-annual interest during her life. 5. If said fund was a trust fund in the lifetime of Chauncey P. King, it must still be a trust fund, as it did not appear that the trusts

June Term,
1861.

KING
v.
LAWRENCE
et al.

were satisfied. 6. The circuit court had no jurisdiction of the suit, inasmuch as the executors, under their bond, were held to account to the county court for their disposition of said $2,000, and the execution of the trusts imposed by the will. Demurrer overruled.

*H. K. Whiton,* for appellants.

*Knowlton & Marsh,* for respondent.

November 2.      *By the Court,* COLE, J. It appears to us that the complaint in this case discloses a good cause of action. The material and important part of it is, that the respondent had a dower interest in certain real estate, and that she authorized and empowered Chauncey P. King to sell that dower interest for her; that King sold the same and received therefor the sum of two thousand dollars, which he invested in certain securities therein named. If the two thousand dollars belonged absolutely to the respondent, it probably would not be contended that King could dispose of it as his own property, either by will or otherwise. We infer from the argument of the counsel for the appellants, that the defense will be that the respondent did not own this money absolutely, but is only entitled to the interest of it during life. But that is not the theory of the complaint, as we understand it. That proceeds upon the ground that the money is solely and absolutely the respondent's, in which case we cannot see why she is not entitled to the same. For surely it will not be claimed that the appellants, either individually or as executors of the will of King, have any right to hold this money, if it really belongs to the respondent. Nor does it vary the case, that King attempted to dispose of this money by his will, for clearly he could not dispose of what did not belong to him. He might give and bequeath his own property, but certainly could not the property of another. It is said that the legatees under the will of King are interested in this litigation, and should have been made parties to the suit. But this, we think, was unnecessary. The executors represent the estate. They are fully authorized to bring all suits to recover property belonging to their estate. If this money had belonged to their estate, and were in the

June Term,
1861.

possession of a third party, they could recover it by action without making the legatees parties to the suit. Why are they not equally competent to defend a suit involving the right to the same property, to the exclusion of the heirs or legatees? An executor takes the same property in the personal effects as the deceased had when living, and has the same power to bring actions to recover them. 1 Williams on Executors, 662; 2 id., 789. He has an absolute power of disposal over the whole personal estate, and can dispose of a chattel specifically bequeathed. *Ewer vs. Corbet*, 2 P. Wms., 149; *Burting vs. Stonard*, id., 150; *Langley vs. Lord Oxford*, 1 Ambler, 17. The question as to whether this money belongs to the respondent or to the estate of Chauncey P. King, can be determined without making the legatees parties.

The order of the circuit court overruling the demurrer is affirmed.