HASBROUCK, and another, VS. SHIPMAN.
CHEENEY VS. LOCKWOOD, and others.
MANDERSON VS. WHALON, and another.

The act of May 25th, 1862, (Laws of 1861, 334) exempting from civil process all persons who had or might volunteer or enroll themselves as members of any military company, mustered into the service of the United States or this State, during their service, is an act impairing the obligation of contracts and is therefore void. PAINE, J, *dissenting*.

The legislature possesses the power of changing or modifying the laws governing proceedings in courts of justice in respect to past as well as future contracts, and this power is unrestricted, except that a substantial remedy must be afforded according to the course of justice as it existed at the time the contract was made.

The first two cases came up by appeal, and the last one by writ of error, from the circuit court for *Dane* county, and the question involved in each of them was, whether the act of May 25, 1861, Laws 1861, p. 334, exempting from civil process all persons who had or might volunteer, or enroll themselves as members of any military company mustered into the service of the United States, or of this state, during such service, was constitutional, and the cases were determined according to the opinion of the court in the first case.

*S. U. Pinney*, for the appellants, in opposition to the law, contended that the exemption might continue during the life of the volunteer and go to the extent of defeating any remedy against him, and that the law was one impairing the obliga-

tions of contracts, and repugnant to the provisions of the constitution of the United States, and secs. 9 and 12, art. 1, of the constitution of this state. 1 Black. Com., 48, 56, 144; 2 Co. Inst., 55 ; Const. of Wis., art. 4, secs. 15, 16; art. 1, sec. 22; *Bronson vs. Kinzie,* 1 How., U. S., 311; *McCracken vs. Hayward,* 2 How. U. S., 608; *Morse vs. Gould,* 1 Kern., 281; *Holmes vs. Lansing,* Johns. Cas., 75 ; *Blair vs. Williams,* 4 Littell, 64, 71, 79; *Curran vs. Arkansas,* 15 How. U. S., 304; *Von Baumbach vs. Bade,* 9 Wis., 559.

*J. C. Hopkins,* in support of the act, contended that it acted only on the remedy, and did not impair the obligation of contracts, and that the legislature had complete control over the remedies to be given to suitors, and that it was justified by present condition of the country, and cited as instances of the exercise of this control over remedies, the statutes by which parties, witnesses and attorneys were privileged from arrest. *Humphrey vs. Carney,* 5 Wend., 90; *Norris vs. Beach,* 2 Johns, 294; *Sandford vs. Chase,* 3 Cow., 381 ; *Cony vs. Russell,* 4 Wend., 204; 3 Duer, 622 ; 1 Abb., 280 ; 4 Comst., 296 ; *Edmundson vs. Ferguson,* 11 Mo., 344; 11 Johns., 433; 42 Maine, 429; 4 Watts & S., 218; 2 Fairf., 284 ; 4 Gilm., 221, 276.

*By the Court,* COLE, J. In this appeal we have to consider the validity of the law of May 25, 1861, (Gen. Laws of 1861, p. 334,) exempting from civil process, all persons who have or may volunteer or enroll themselves as members of any military company mustered into the service of the United States or of the state, during such service.

It is contended that the act is one impairing the obligation of contracts, and therefore is repugnant to the provision of the constitution of the United States and of this state upon that subject. The majority of the court think that this view of the law must be sustained.

We have quite recently had occasion to inquire into the extent of the power of the state legislature to change, modify, or

alter the laws governing proceedings in courts of justice, both in respect to past and future contracts. The rule extracted from the cases was, that this power was unrestricted so long as a substantial remedy was afforded according to the course of justice as it existed at the time the contract was made. But the legislature must give some remedy, and not destroy the legal force and obligation of a contract, taking away all existing remedies. This would seem to be quite a plain proposition. The objection to the law in question is, that it takes away all existing remedies for enforcing the obligation of contracts, while the debtor is in the military service of the United States or of this state. So long as this military service continues the creditor is without redress. Should the debtor continue in the service, three, five, ten, or twenty years, he is, under the law, exempted from all civil process. It is very evident that this is a suspension for an indefinite period, of all remedies whatever. And such being the character of the law, we cannot see upon what ground its validity can be sustained.

It is claimed that the act is amply justified by the perils which threaten our national existence, and the imperious necessity which exists for obtaining a military force adequate to the defense of the country. Giving to these political considerations all the weight which has been claimed for them, they surely do not show that the exemption should be for an indefinite period. So, that even in this view, the law would have to be declared invalid.

The order of the circuit court is therefore reversed, and the cause remanded for further proceedings.

PAINE, J., *dissenting.*