## SAMUEL R. MORGAN & another *vs.* WILLIAM J. ROTCH & another.

An executor who has not settled a final account in the probate court is not liable to be charged by suit in equity, by the residuary legatees, for property sold by him in violation of his trust, although all the dispositions of the will prior to the residuary clause have been satisfied.

BILL IN EQUITY filed by two of the residuary legatees under the will of Charles W. Morgan, deceased, setting forth that the will was duly proved in 1861 in the probate court for Bristol, and the complainant Morgan and the respondent Rotch were qualified as executors and also as trustees of the interests of certain of the residuary legatees; that all the dispositions of the will prior to the residuary clause have been satisfied, and a large sum remains to be distributed under that clause; that the business

of the executors was chiefly managed by Rotch, who kept all the accounts thereof, Morgan being most of the time absent from the state; that among the assets were five hundred and eleven shares of the Bloomsburg Iron Company, the par value of which was fifty dollars per share, but which, by a valuation made by certain officers of the company in May 1862, were then worth more than one hundred and fifty-two dollars per share; that Rotch in 1861 became, and has ever since continued to be, a director of the company; that in view of the situation of public affairs the stock was in 1862 likely to appreciate largely in value, and no exigency existed requiring its sale; but that on August 16, 1862, Rotch, without license from the probate court, caused it to be sold at auction; that this sale was made at New Bedford, which was not a fit place for the sale of such stocks; that Rotch did not take suitable measures to ensure a fair competition at it, but entered into a combination with other parties by which such competition was prevented; that he made bids in his own interest, and employed others to make bids in his interest; that he caused the stock to be bid off in such manner as to enure to his private advantage at about eighty-five dollars per share; and that the whole of the stock so sold, except a small number of shares, stands in his individual name. The bill further alleged that between the date of the sale and November 15, 1866, twenty-seven dividends, amounting to four hundred and ninety per centum on the par value of the stock, were declared by the company, and since the latter date yet other dividends had been declared; that all these dividends on all but a small quantity of the stock sold were received by Rotch; that at the date of filing the bill the stock was worth more than one hundred and seventy-five dollars per share; and that Rotch has never rendered any executor's account in the probate court.

The prayer of the bill was for an account to be rendered by Rotch in this court of the stock and dividends, and for a decree declaring him a trustee of the same for the benefit of the complainants to the extent of their residuary interests. All the residuary legatees were made parties to the bill.

The respondents filed a demurrer denying the jurisdiction of

this court, and the case was reserved by *Wells*, J., for determination by the full court.

*B. F. Thomas & T. M. Stetson* for the complainants.

The cases showing the line of demarcation between probate jurisdiction and the equity jurisdiction of this court are *Wilson* v. *Leishman*, 12 Met. 321; *Sever* v. *Russell*, 4 Cush 513, *Jennison* v. *Hapgood*, 7 Pick. 1; *Hollard* v. *Cruft*, 20 Pick. 321; *Oberlin College* v. *Fowler*, 10 Allen, 545. Where a trust is sought to be established, equity jurisdiction attaches; *Bowditch* v. *Banuelos*, 1 Gray, 228; *Raynham Congregational Society* v. *Trustees of Fund in Raynham*, 23 Pick. 153; *Hobart* v. *Andrews*, 21 Pick. 533; and this, whether the property is real or personal; Gen. Sts. *c.* 113, § 1; and whether the trust is express or implied. *Wright* v. *Dame*, 22 Pick. 60. The title gained by an executor or trustee who buys through a third party at his own sale is only voidable, not void. *Harrington* v. *Brown*, 5 Pick. 519. *Litchfield* v. *Cudworth*, 15 Pick. 31. *Blood* v. *Hayman*, 13 Met. 236. *Wyman* v. *Hooper*, 2 Gray, 141. The stock stands in the name of Rotch; and, without interposition of this court, he may now convey a good title in it to a purchaser in good faith. It is essential to the complete relief of the complainants that a trust be established. Probate courts have no general jurisdiction adequate. *Grinnell* v. *Baxter*, 17 Pick. 385. The equity jurisdiction of probate courts under Gen. Sts. *c.* 100, § 22, is only concurrent with this court, and is limited to trusts created by will. In the exercise of its ordinary jurisdiction the probate court cannot give relief under any final decree of distribution, for it makes no decree of distribution under a will, and has no power to determine who are entitled under a will, or to what. The distinction is expressed in the different bonds given by executors and administrators. Gen. Sts. *c.* 93, § 2; *c.* 94, § 2.

*O. Prescott & J. C. Stone*, for the respondents, besides cases cited by the complainants, cited *Hall* v. *Cushing*, 9 Pick. 395; *Stearns* v. *Brown*, 1 Pick. 530; *Higbee* v. *Brown*, 8 Pick. 484, *Miller* v. *Congdon*, 14 Gray, 114; *Peters* v. *Peters*, 8 Cush. 529; *Waters* v. *Stickney*, 12 Allen, 1; Gen. Sts. *c.* 97, § 22,

*Swasey* v. *Little,* 7 Pick. 298; *Jones* v. *Richardson,* 5 Met. 247; *Colwell* v. *Alger,* 5 Gray, 67 ; *Sullings* v. *Richmond,* 13 Allen, 277.

FOSTER, J.   The plaintiffs invoke the equitable jurisdiction of this court on the ground that the defendant Rotch, as one of the executors of the estate of which they are two of the residuary legatees, has made an improper sale of certain valuable stock which he has himself indirectly purchased at a price below its value.   The prayer of the bill is that he may be declared a trustee of such stock for the benefit of the plaintiffs to the extent of their interest as residuary legatees.   The bill expressly alleges that he has settled no executor's account in the probate court.

Assuming, as we are bound to on this demurrer, that Mr. Rotch still holds the stock, having caused it to be bought in for his own benefit, it may be taken for granted that he is bound to account not only for its full value, including all dividends which have been received upon it up to the present time, but also for the entire value which may hereafter be obtainable for the stock until it is disposed of according to law or charged to the executors in the settlement of a probate account.   The price realized at the sale already made does not determine the value to the prejudice of either creditors or legatees ; and the executor can be allowed to derive no advantage from a sale and purchase which must be regarded as contrary to his duty and a violation of his trust.

But the question now is as to the mode of remedy, which is not to be sought in a court of equity, if plain, adequate, and complete relief can be obtained in the probate court.   *Wilson* v. *Leishman,* 12 Met. 316.   A very different case from the present would be presented if the executor's account had been finally settled in ignorance of the improper character of the sale.   Then, perhaps, a court of equity, if the remedy in the probate court were lost, might enforce a trust and order a new sale by the executor, or afford other appropriate relief to enable the parties beneficially interested in the estate to realize the full value of the property.   So also the interposition of equity might be necessary if the other executors jointly entitled with the defend-

ant Rotch to this stock complained that he had improperly caused it to be transferred into his own hands, and sought to have the transaction set aside on that account in order to enable them to continue to hold the stock in fulfilment of their trusts, or to prevent them from being jointly chargeable for property which one of their number had undertaken to appropriate to himself.

But such is not the frame of the present bill ; and, assuming the truth of its allegations, we do not perceive that the residuary legatees can require anything more than that the stock shall be charged at its utmost value in the probate settlement of the estate. Full justice will be done to them by such a course. They have no right to a transfer of the stock *in specie* to them or in trust for their benefit. All they are entitled to is the residue in the executor's hands after payment of debts, specific bequests, and charges of administration ; which is to be ascertained as a pecuniary balance. They are interested merely in the amount of the residue, as to which all their rights can be fully protected in the probate court. By the ordinary mode of accounting there, the executors are charged with the personal estate at its inventoried value. If they have been unable to realize that amount, and the personalty has been fairly sold for a less sum, without any fault or want of due diligence on their part, they are credited with the deficiency. If on the other hand there has been or ought to have been a gain made by sales, they are charged with such gain. And if they still hold the specific personal property, and do not choose to sell it, they may be charged with any increase of value. For their liability is to account for all they actually have realized and for all which they reasonably could and ought to have realized from the estate. In such a settlement, if the market value of the stock cannot be precisely determined, its prospective value, of which the fact that the executors insist upon retaining it in their own hands is some evidence, may be considered in estimating the amount at which it shall be charged. If the sale which this bill seeks to annul had never taken place, such an accounting in the probate court would have furnished to the residuary legatees all the

relief which they need or are entitled to. The probate settlement will now be made upon exactly the same basis; and full redress is obtainable before that tribunal, the ordinary and appropriate jurisdiction of which is not to be transferred into a court of equity.

*Demurrer sustained, and bill dismissed with costs.*