Hawley and another, by guardian ad litem, vs. Tesch, imp.

HAWLEY and another, by guardian *ad litem*, Respondents, vs. TESCH, imp., etc., Appellant.

*September 19 — October 9, 1888.*

EQUITY: ESTATES OF DECEDENTS: PLEADING. *(1) Fraudulent conveyances by executor and trustee: Jurisdiction of circuit and county courts. (2) Who may maintain action. (3) Demurrer: Asking too much relief.*

1. Equity has jurisdiction of an action brought by infants having an interest in the estate of a testator, to set aside fraudulent sales of land made by the executor and trustee of such estate. The county court could not, in such a case, grant complete relief by setting aside the sales and restoring the property to the estate.

2. In this action the plaintiffs were the infant children and residuary legatees of B., who was a son and one of the residuary legatees of A. A. had devised the lands to his executor in trust to be sold and the proceeds distributed as directed. Neither the estate of A. nor that of B. had been settled, but the action was not brought until more than six years after the executrix of B. had qualified as such. The complaint alleged that such executrix (who was the mother of the plaintiffs) had discharged all debts and legacies of the estate of B., except a legacy to herself which she had means to pay, and that she had consulted the executor of A. as a friend and adviser and had trusted him entirely to protect the interests of herself and children in the estate of A. *Held,* on demurrer,

Hawley and another, by guardian ad litem, vs. Tesch, imp.

that the plaintiffs had such an interest in the estate of A. as entitled them to invoke the aid of a court of equity against fraudulent sales made by the executor and trustee of that estate, and that an objection that the action should have been brought by the executrix of B. should not prevail.

3. If upon the facts stated the plaintiffs are entitled to some relief which a court of equity will grant, the complaint is not demurrable because too much relief is asked.

APPEAL from the Circuit Court for *Milwaukee* County.

The action was brought by *Helen Hawley* and *Tomlinson Kent Hawley*, infants, by Horace A. J. Upham, their guardian *ad litem*, to set aside sales and a contract for the sale of real estate made by the defendant *Tesch* as executor and trustee of the will of their grandfather, Cyrus Hawley. The defendants R. N. Hawley, Helen A. Hawley, and Clara D. Hawley, who were directly named among the residuary legatees in the will of Cyrus Hawley, were proper parties plaintiff, but were made defendants because they claim that the proportions they are entitled to under said will are greater than the amounts stated in the complaint.

The defendant *Tesch* demurred to the complaint on the ground, among others, that it did not state facts sufficient to constitute a cause of action. On motion of the plaintiffs the demurrer was stricken out as frivolous, and from the order entered accordingly the defendant *Tesch* appealed.

For the appellant there was a brief by *Stark & Sutherland*, and oral argument by *Joshua Stark*. They contended, *inter alia*, that the plaintiffs have no interest in the real estate of Cyrus Hawley. By his will the title was vested in his executors in trust, to be converted into money and applied and distributed as expressly directed in that instrument. This was a conversion of the real estate into money. *Chandler's Appeal*, 34 Wis. 505, 511; *Dodge v. Williams*, 46 id. 70, 91, 97; *Gould v. Taylor Orphan Asylum*, id. 106, 117; 2 Jarman on Wills, ch. 19. Cyrus T. Hawley, as re-

siduary legatee of his father, Cyrus Hawley, took, therefore, only money under the will, and the interest of his representatives in the estate of Cyrus Hawley is not an interest in the land, but in the money which Cyrus Hawley directed his executors to distribute when realized from the sale of his real estate. This interest passed to and vested in the executrix of Cyrus T. Hawley, and is and will remain in her until his estate is settled. *Estate of Kirkendall*, 43 Wis. 167, 176, 179; *Murphy v. Hanrahan*, 50 id. 485, 490; *Marshall v. Pinkham*, 52 id. 572, 590; 1 Williams on Executors (ed. 1877), bot. p. 650, and note d 2. The executors are, therefore, not accountable to the plaintiffs, but only to the executrix of Cyrus T. Hawley. The complaint is fatally defective in that its subject matter is only part of the trust estate devised by Cyrus Hawley to his executors. It proposes to set aside and annul certain acts of the trustees in respect to certain property, and asks an accounting by them as to such particular acts and property, and a distribution of the estate *pro tanto*, leaving the balance of the estate in the hands of the trustees to be disposed of under the provisions of the will, and the accounts of the trustees to be finally settled and adjusted in the probate court. The same is true of the estate of Cyrus T. Hawley; only a portion of that estate is involved in this action. These estates cannot be split up in this manner, and the parts thereof separately accounted for and distributed, in several distinct proceedings and in divers courts. *Morgan v. Rotch*, 97 Mass. 396. The jurisdiction of the county court is competent and paramount over the matters of which the plaintiffs complain. *Batchelder v. Batchelder*, 20 Wis. 452; *Freeland v. Dazey*, 25 Ill. 294; *Tryon v. Farnsworth*, 30 Wis. 577; *Brook v. Chappell*, 34 id. 405; *Holden v. Meadows*, 31 id. 284; R. S. secs. 3926, 4025–4030; *Corrington v. Corrington*, 16 N. E. Rep. (Ill.), 252.

For the respondents there was a brief by *Wells, Brigham*

& *Upham*, and oral argument by· *J. R. Brigham*. They argued, among other things, that a court of equity will not ordinarily dismiss a suit on account of any mere informality in the position of parties, whether orators or defendants,· if all parties interested are before the court and a proper case is proven for the interference of the court. *West v. Bank of Rutland*, 19 Vt. 403. The doctrine of conversion upon which the appellant relies is altogether a doctrine of equity. It is admitted and applied only for the accomplishment of equitable results, and is necessarily limited to its end. The doctrine will never be allowed where the result will be to subvert justice. Pomeroy's Eq. Jur. 161; *Foster's Appeal*, 74 Pa. St. 397; *Buchan v. Sumner*, 2 Barb. Ch. 206; *Franks v. Bollans*, L. R. 3 Ch. App. 717. Courts will sustain actions by a legatee or other person having an interest, whenever circumstances are shown which interpose a substantial difficulty in the way of the executors calling the debtor to account. 1 Daniel Ch. 374–5; Williams on Ex'rs, 2020; *Browsher v. Watkins*, 1 Russ. & M. 281; *Barker v. Birch*, 1 De G. & S. 376; *Saunders v. Druce*, 3 Drewry, 140; *Long v. Majestre*, 1 Johns. Ch. 305; *Consett v. Bell*, 1 Younge & C. N. C. 569; *Shearer v. Shearer*, 98 Mass. 107; *Newland v. Champion*, 1 Ves. Sr. 105; *Fisher v. Hubbell*, 65 Barb. 74, 89; *Law v. Law*, 2 Colly. 41. This is an action by the parties who have an interest in the property, brought against a faithless trustee to prevent a great loss. Under the old practice this would be a bill *quia timet*. This bill may be brought by the party actually interested in the subject matter, even while the legal right of possession is in another, as is claimed here in the executrix. Story's Eq. Jur. sec. 827; *Reynolds v. Lincoln*, 71 Cal. 183; *Ryder v. Topping*, 15 Bradw. 216.

*W. J. Turner*, for the defendants R. N. Hawley, Helen A. Hawley, and Clara D. Hawley, also argued in support of the order striking out the demurrer.

COLE, C. J.   The first question to be considered is, Should a court of equity, upon the facts stated, entertain jurisdiction of this cause on the bill of the plaintiffs, and grant such relief on the hearing as may seem just and equitable.   It may well be that the plaintiffs will not be entitled to all the relief asked, but if they are entitled to some relief which a court of equity will grant, the complaint is not demurrable because too much relief is asked.   This is well settled. *Stronach v. Stronach,* 20 Wis. 133.   The learned counsel for the appellant does not deny but that the complaint states substantially facts sufficient to charge the executor and trustee of the estate of Cyrus Hawley with misconduct and a gross violation of duty in the execution of his trust.   But he insists that this action is misconceived, and that the plaintiffs cannot have relief in this form,— which we suppose means in a court of equity,— but that the remedy is in the county court, in a proper proceeding calling upon the executor to account and compelling him to faithfully perform his trust.

The complaint charges that the executor and trustee has made fraudulent sales of certain real estate belonging to the estate of Cyrus Hawley; that these sales are void as to the plaintiffs and such of the defendants as are interested in that estate.   Of course on this demurrer we must assume that the facts stated are true and well founded.   One object of this action is to set aside these fraudulent sales, and to have the contract and deeds which were executed to the purchasers declared null and void.   It is alleged that these purchasers took title with full knowledge of the fraud of the executor; and that they cannot, therefore, be protected. These facts would seem to present a case for equitable cognizance.   It involves the conduct of a trustee, and the plaintiffs are infants.   It is true that this court has in many cases said that the county courts under our statutes have plenary jurisdiction in all matters pertaining to the admin-

istration, settlement, and distribution of estates of deceased persons, and that a court of equity should not take jurisdiction over these matters unless special facts are stated showing that a complete and adequate remedy cannot be had in the county court. *Batchelder v. Batchelder*, 20 Wis. 452; *Tryon v. Farnsworth*, 30 Wis. 577. But when such special facts and circumstances are stated, there a court of equity will take jurisdiction and grant the proper relief. For, while it has been decided that the county courts, under the statutes, have jurisdiction ordinarily in the administration and settlement of estates and enforcing the due execution of trusts created by wills, still that jurisdiction is not exclusive, but concurrent with the circuit court. *Catlin v. Wheeler*, 49 Wis. 507. In this case the jurisdiction may be safely rested upon the ground that the action is to enforce a trust, and the power of the county court is inadequate to protect the rights of those interested in the estate of Cyrus Hawley. It seems necessary, therefore, that a court of equity should assume jurisdiction of the cause, for it alone can grant complete relief. We have referred to the charge that the executor as trustee has made fraudulent sales of real estate, and it is sought to have these sales set aside and the contract and deeds mentioned declared void. How could the county court call before it third parties, and determine the question whether or not they were innocent purchasers and entitled to hold the property they had purchased? And what power would the county court have to set aside these sales if found fraudulent, and cancel the contract and conveyances? We confess we do not see how the county court could inquire into and settle these matters and afford a complete remedy by setting aside the sales and restoring the property to the trust estate.

It is suggested that the executor, on the settlement of his final account in the county court, might be charged with the proceeds or with the value of the real estate which he sold in

violation of his trust.   On this point the case of *Morgan v. Rotch*, 97 Mass. 396, was referred to in support of that position.   In that case the executor had sold stock in violation of his trust, and it was sought to have a court of equity, by its decree, declare him a trustee of the same for the benefit of the complainants, to the extent of their residuary interests.   The executor had not settled his final account in the probate court, and the supreme court held, upon the facts, that there was a plain, adequate, and complete remedy in that court, which could charge the executor, in the final settlement of his account, for all which had been realized for the stock, or what the stock was actually worth, and declined on that ground to entertain the bill.   That, however, was personal property which had a market value, and the stock was still held by the executor, who had caused it to be purchased for his own benefit.   It seems to us the case is not in point, for the reason that there is no way in which complete relief can be afforded in the county court. What, under the rule in the *Morgan Case*, could the executor be charged with as to the value of the real estate?   Its value when he improperly sold it, or its value at the time he settled his final account?   And how could the real value in either case be satisfactorily ascertained?   It seems to us there are difficulties in working out an effectual remedy in that way, and at best it would probably fail.   If this real estate was fraudulently sold by the executor to persons who took the title with knowledge of the fraud, the sale should be set aside and the property restored and again made part of the estate of Cyrus Hawley, to be disposed of according to the trusts created by the will.   It does not lie in the mouth of the executor, who has violated his trust, to object to this remedy.

The plaintiffs trace their interest in the estate of Cyrus Hawley through their father, Cyrus T., who was one of the residuary legatees.   Cyrus T. is dead, and the defendant

*Mary B. Hawley* is the executrix of his will. Both the estates of Cyrus Hawley and of Cyrus T. are unsettled and undistributed. It is said that the plaintiffs have not such a direct interest in the estate of their grandfather, Cyrus, as will enable them to maintain this action. They are residuary legatees and devisees of their father, and it is objected that the action should have been brought by their mother, and not by them. *Mary B.* was appointed and entered upon her duties in 1880, and it appears that she has discharged all debts and legacies of her husband's estate, except a legacy due herself which she has the means to pay. The complaint alleges that she has consulted the appellant as a friend and adviser, and trusted him entirely to protect the interests of herself and children in the estate of Cyrus Hawley. Considering these relations of confidence and trust, which existed for many years, it would doubtless be embarrassing for her to bring this suit. But it seems that she petitioned the court below to appoint a proper guardian *ad litem* to prosecute the action for the plaintiffs. Under the circumstances the objection that the suit should be brought in her name should not prevail. Under the decision in *In re Estate of Pierce*, 56 Wis. 560, it may be doubtful if she had any authority to act in the matter. At all events, we are disposed to hold that the plaintiffs show such an interest in the estate of Cyrus Hawley as entitles them to invoke the aid of a court of equity to grant relief against the fraudulent acts of the trustee of that estate. *Stronach v. Stronach*, 20 Wis. 133, and *Bassett v. Warner*, 23 Wis. 673, in principle sustain their right to maintain the suit. Besides, all the parties in interest are before the court, and the rights of all can be protected.

We have not alluded to the doctrine of conversion, upon which the appellant relies, because we do not deem it material. "This doctrine of conversion is wholly a creation of the equitable jurisprudence. The estates or interests

which result from it are entirely equitable in their nature, and equity has an exclusive jurisdiction to maintain and protect such interests, whether the remedy which it gives in any particular case consists in establishing a person's right to a specific piece of land or merely in granting a recovery of money." 1 Pom. Eq. Jur. § 161.

The plaintiffs are not entitled to all the relief or the particular relief demanded. They ask that the fraudulent purchasers and the trustee be directed to convey and release unto them and to the other defendants, in proportion to their several interests therein, all right and title to the real estate, and also account for any and all money which has been received for any such real estate, and pay the same over to the plaintiffs and the other defendants interested therein. The real estate should be reconveyed to the estate of Cyrus Hawley, to be disposed of according to the will. The accounting should also be had to that estate.

It follows from these views that the order of the circuit court must be affirmed.

*By the Court.*— Order affirmed.