In re Guardianship of Gertrude Klein.

*By the Court.*— Judgment affirmed.

## In re Guardianship of Gertrude Klein.

*January 16 — February 2, 1897.*

*Guardianship: Jurisdiction of the circuit court.*

In a proceeding under sec. 4587b, S. & B. Ann. Stats., to remove a child from the custody of his parents, guardian, etc., on proof that the physical or moral welfare of the child is endangered by the neglect, abuse, etc., of such parent, etc., and to provide him a home elsewhere, the county judge acts as a mere magistrate, and not as a court; and his order in such a proceeding is no bar to the exercise by the circuit court of its general equity jurisdiction over infants by appointing another person as guardian and awarding to him the care and custody of the infant. Such action by it involves no conflict between courts of concurrent jurisdiction in the matter of appointing guardians.

Appeal from an order of the circuit court for Sheboygan county: N. S. Gilson, Circuit Judge. *Affirmed.*

On the 21st of November, 1894, *Ira A. Bean* presented to the judge of the circuit court for Sheboygan county a petition in that court, while said judge was holding court in Fond du Lac county, representing that Gertrude Klein, a minor, born March 5, 1890, was residing in the county of Sheboygan; that *Nicholas Klein*, her father, was an habitual drunkard, residing in the city of Sheboygan, and was not a fit and proper person to have the care and custody of said minor, and that she had been taken from his custody by order of the county judge of Sheboygan county, pursuant

to sec. 4587*b*, S. & B. Ann. Stats.; that the mother of said minor was dead, and that on or about October 20, 1894, it was given to the custody of the petitioner by the humane agent of the city of Sheboygan, and had ever since been in his care and custody; that petitioner and his wife had become very much attached to said child, and said child to them; that he had no children, and was able and desirous of keeping said child, and providing her with a good home; that while said child was in his care and custody the county judge of Sheboygan county made an order that she be turned over to another person; that, other than the home of the petitioner, said child had no home and no relative who was willing or able to provide her with a home; that the personal estate of the minor did not exceed $50 in value, and that she had no real estate; that, to protect and preserve the legal rights of said minor, and to provide for her future welfare, it was necessary that some proper person be appointed guardian of her person and estate, during her minority,— and prayed that he be appointed accordingly. A hearing of said petition was ordered to be had at a term of said court to be held at the courthouse in Fond du Lac, December 3, 1894, and that ten days' previous notice be given to *Nicholas Klein*, the father, of the time and place of such hearing.

At the time and place appointed, *Nicholas Klein*, the father, appeared, and demurred to the petition, and objected to the jurisdiction of the court, that the petition failed to state facts sufficient to give the court jurisdiction, and that the county court for Sheboygan county was the proper court to act in the matter, in which court a petition had been filed for the adoption of said minor, and also that an order had been made, July 24, 1894, by the county judge of that county, awarding the custody of said infant to suitable parties, namely, its grandparents; that on the 24th of October, 1894, said county judge, upon hearing, upon due notice,

In re Guardianship of Gertrude Klein.

made a supplemental order, awarding the custody of said infant to a proper person other than her father; and that thereafter, on . the 22d of November, 1894, and before service of the notice of hearing of the present petition, the county judge, after due notice and hearing, made a further supplemental order, awarding the custody of said infant to another proper and suitable person, to wit, *Mrs. Gertrude Brosey*, an aunt of said infant, residing in Sheboygan, Wisconsin,— and it was insisted that, at the time of filing the petition in this matter, the county judge of Sheboygan county had acquired, and still retained, full and complete jurisdiction and custody of the person of said infant, and no appeal or other proceeding had been taken to reverse or set aside such proceedings so relied on.

The court overruled the demurrer, and the said *Nicholas Klein* answered, setting up the proceedings before the county judge and in the county court, and alleging that the custodian last named, *Gertrude Brosey*, was a competent and suitable person to have the care, custody, and education of said infant.

A trial of the issues was commenced in the circuit court at Fond du Lac, and subsequently completed in the circuit court at Manitowoc, in an adjoining county, February 12, 1895. At the trial *Gertrude Brosey* intervened, and participated in the proceedings. The court found, substantially, that the allegations of the petition were true; that said infant was removed from the custody of *Nicholas Klein* because he was an habitual drunkard, and not a fit person to have its care or custody; that said *Gertrude Brosey* was not a fit or suitable person to be appointed its guardian; that the petitioner, since October 27, 1894, had had the care and custody of said infant, and was a fit and suitable person to be appointed such guardian, and he was accordingly appointed guardian of the person and estate of said infant. Said *Nicholas Klein* and *Gertrude Brosey* appealed from the

order.   At the hearing in the circuit court, the proceedings before the county judge of Sheboygan county, and also in the county court for that county, were produced in evidence by the respondents, and evidence was given to show that *Nicholas Klein* was an habitual drunkard, and not a fit or suitable person to have the care and custody of said infant. The testimony was mainly directed to the question whether *Mrs. Gertrude Brosey* was a fit and suitable person for that purpose, and on this subject it was conflicting.

For the appellants there was a brief by *D. T. Phalen* and *L. J. Nash,* and oral argument by *Mr. Nash.*   They argued that courts of equity will not usually appoint guardians where no necessity appears, and the probate court can afford complete relief.   *Willis v. Fox,* 25 Wis. 646; *Lannon v. Hackett,* 49 id. 261, 272; *Catlin v. Wheeler,* id. 507, 521; *Kugler v. Prien,* 62 id. 248; *Hawley v. Tesch,* 72 id. 299. The county court having made the child its ward, the circuit court ought to have declined to act, and thus avoid a conflict of jurisdiction.   *Wood v. Lake,* 13 Wis. 84; *Platto v. Deuster,* 22 id. 482; *Orient Ins. Co. v. Sloan,* 70 id. 611; *In re Globe Ins. Co.* 6 Paige, 102; *In re Kennedy,* 5 id. 244.

For the respondent the case was submitted on the brief of *C. H. Maynard* and *Francis Williams.*

PINNEY, J.   1. The proceedings before the county judge of Sheboygan county, by which *Nicholas Klein* was deprived of the custody of his infant daughter, Gertrude, and she was given into the custody of Mr. and Mrs. John Thomas, her maternal grandparents, and the succeeding orders, made by said county judge, changing such custody (1) to Mr. and Mrs. Blenski and (2) to *Mrs. Gertrude Brosey,* did not constitute any valid objection to the jurisdiction of the circuit court to hear and determine the present petition.   The statute under which the proceedings before the county judge were had (S. & B. Ann. Stats. sec. 4587b) provides that,

" whenever proper affidavit shall be made before any county or municipal judge, in any county in the state, that the physical or moral welfare of any child in such county is seriously endangered by the neglect, abuse, or the vicious or immoral habits or associations of its parents, or parent, guardian, or by any person having the custody of such child, or that the physical or moral welfare of any such child is seriously endangered by the inability, refusal or neglect of such parents, parent or guardian or custodian to properly care for such child, it shall be the duty of such county or municipal judge to summon witnesses as to the facts set forth in such affidavit; and also such parents or parent, guardian or custodian of such child; and if the proofs be sufficient to establish the facts set forth in such affidavit, and to warrant public interference with the *custody* of such child, it shall be the duty of such judge to cause such child to be removed from the custody of such parents or parent, guardian or custodian, and provide with a home, or such place for safe keeping and provision of such child as may be available, and in his judgment most suitable; " and declares that " it shall be unlawful for said parents or parent, guardian or custodian to interfere with or remove such child from the place so provided, without the consent of such county or municipal judge; " and it also provides that it shall be a penal offense for any person to entice any child away from the place provided for it, or to interfere in any manner whatever with the care, custody, control, personal liberty, or education of any child so removed from its parents, etc. This statute is founded upon the police power of the state,— upon " the political necessity and duty of the sovereignty to make provision for the care of subjects or citizens unable for any cause to take care of themselves, and destitute of other care, too long recognized in all civilized countries, and too well established under the state governments of this country, to be an open question." *Milwaukee Industrial School v. Mil-*

In re Guardianship of Gertrude Klein.

*waukee Co.* 40 Wis. 331. The statute in question is similar in its purposes, and justifiable on the same grounds, as the statute held valid in that case. The deprivation of custody, by reason of the order made under it, is not permanent; but, when a parent or guardian may be able to show that the ground of deprivation no longer exists, and that he is not an unsuitable person for the custody of the child, his right to it will prevail, and the order of the judge, which for the time being precludes him from such custody, should be regarded as having served its purpose, and he will be restored to the custody of the child, by *habeas corpus* or other appropriate remedy.

The proceeding before the county judge, although judicial in its character, was before him as a magistrate, and was not one in any court known to the law. It was, therefore, no bar to the appointment of the guardian by the circuit court, in the proper exercise of its general equity jurisdiction over infants. "In addition to appointing guardians, the court of equity will, in a proper case, and to promote the highest welfare of the infant, where there is already a guardian, natural or legal, interfere, by controlling the person of the infant, and by removing it personally from the custody of its natural or legal guardian, even from the custody of its own parents" (3 Pomeroy, Eq. Jur. § 1307); and the court will not only remove guardians appointed by its own authority, but it will remove testamentary or statute guardians or custodians, whenever a sufficient cause can be shown for such purpose, and whenever it appears that the guardian is abusing his trust, or it may take the child from one custodian and give it to another (2 Story, Eq. Jur. § 1339; 2 Beach, Mod. Eq. Jur. § 1026; *Glasscott v. Warner*, 20 Wis. 654). The circuit courts, by sec. 8, art. VII, of the constitution, took the original jurisdiction possessed by courts of chancery, and this included the jurisdiction in question, which has not since been prohibited by law; and hence the jurisdiction

In re Guardianship of Gertrude Klein.

conferred upon the county court by R. S. secs. 3962–3964, is concurrent with that of the circuit court upon the same subject. The power of a court of equity to remove guardians or custodians of infants is sustained by numerous well-considered cases. *Wilcox v. Wilcox*, 14 N. Y. 575; *Cowls v. Cowls*, 8 Ill. 435; *Disbrow v. Henshaw*, 8 Cow. 349; *People ex rel. Johnson v. Erbert*, 17 Abb. Pr. 395; *Hill v. Hill*, 49 Md. 450; *Bowles v. Dixon*, 32 Ark. 92. In Hochheimer, Custody of Infants, § 15, the entire subject is well considered, with numerous citations of adjudged cases. The application for adoption in the county court was made by the petitioner and his wife, and the county court denied it, because the father, from whose custody the infant had been taken under the previous order of the county judge, withdrew his consent. The application to the county judge by *Mrs. Brosey*, to be made the custodian under sec. 4587*b*, S. & B. Ann. Stats., was made November 20, and granted November 22, 1894, while the infant was in the custody of the petitioner, where she has since remained. As already observed, the proceeding under that section was not in any court, but a mere police proceeding before the judge as a magistrate. There was no conflict between courts having concurrent jurisdiction to appoint a guardian, and no interference by one court with another of matter already within the appropriate jurisdiction of another court, within the rule stated in *Cardinal v. Eau Claire L. Co.* 75 Wis. 404, and cases there cited. The circuit court, by virtue of its inherent jurisdiction in equity over infants, and its supervisory jurisdiction over inferior courts and tribunals, may, in a proper case, remove a guardian regularly appointed, even by the county court. In *Willis v. Fox*, 25 Wis. 646, it was said that "a court of equity should not exercise its jurisdiction, except in extraordinary cases, or when some special reasons are shown to exist why the matter should be withdrawn from the probate court." In *Batchelder v. Batchelder*, 20 Wis. 452, and *Meyer v. Garth-*

In re Guardianship of Gertrude Klein.

·waite, 92 Wis. 571, 573, the court has held that the circuit court should decline to take jurisdiction, even of a cause of action which is within its general equity jurisdiction, notwithstanding the question of jurisdiction has been waived by omitting to raise it by answer or demurrer. We think that the rule laid down in these cases is correct, as a matter ·of practice and sound policy, and should not be departed from, particularly as appeals from orders made by the ·county courts are quite liberally allowed. The rule is founded upon the ground that there is a proceeding already pending in a court of competent jurisdiction to afford complete relief, and that an independent action for that purpose is wholly unnecessary, and therefore will not be sustained. But, in the present case, when the petition was presented to the circuit court, no application had been made to the county ·court to appoint a guardian for the infant, and there was no obstacle to the exercise by the circuit court of its concurrent jurisdiction. The objection to the jurisdiction of the circuit court cannot, therefore, be sustained.

2. We perceive no sufficient reason for arriving at a different conclusion on the facts than those reached by the cir- ·cuit court. It would serve no beneficial purpose to state or review the evidence. While it would have been desirable to have appointed as guardian some one of the same relig- ·ious faith as the parents and blood relatives of the infant, .yet it does not appear that any such person, competent and .suitable, offered to accept the trust. We think, therefore, that the circuit court, upon the whole case, exercised a wise .and just discretion, and that the order appealed from should be affirmed.

*By the Court.*— The order of the circuit court is affirmed.

The state guardianship of children is considered in a note to *Whalen ·v. Olmstead* (61 Conn. 263), in 15 L. R. A. 593.— REP.