## REOCH, Respondent, vs. REOCH, Appellant.

*December 10, 1897 — January 11, 1898.*

*Vendor and purchaser of land: Agreement to support: Rescission: Sufficiency of evidence.*

In an action by an aged person to rescind a conveyance of land made to his son in consideration of an agreement to pay a certain annuity and to furnish living rooms and provisions for himself and wife during their lives, findings of the trial court that there had been a substantial breach of the agreement on the part of the defendant, entitling the plaintiff to the relief asked, are *held* to be sustained by the evidence.

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

The facts are stated in the opinion.

For the appellant there was a brief by *Bashford, Aylward & Spensley*, and oral argument by *R. M. Bashford*. *G. S. Martin*, for the respondent.

WINSLOW, J. This is an action in equity, commenced in December, 1896, by an aged father against his son, to rescind a conveyance of real estate. The conveyance was a voluntary one, made January 29, 1894, with an expressed consideration in the deed of $2,500, but really in consideration only of a written contract simultaneously made by the son agreeing to pay his father $60 per year besides furnishing provisions for the subsistence of his father and mother and certain rooms for their living during their lives in the dwelling house situated upon the land. There is no dispute as to the fact that the son failed to pay the money annuity, and also failed to furnish provisions and house room after the accidental destruction of the dwelling house by fire September 23, 1896; but it was claimed by the defendant that there was an oral arrangement made between himself and his father to the effect that he was not to pay the $60 annuity until he had paid up a mortgage of $400 on the farm, or rather, perhaps, that he was to pay the annuity by making payments upon the mortgage, which he claimed he had done. Defendant also claimed that after the fire which destroyed the house and furniture there were circumstances which, in equity, excused him for his failure to furnish provisions and house room during the time preceding the commencement of the action, and that he was preparing to perform his contract duty as rapidly as possible. The circuit court found against the defendant to the effect that there was no parol contract, and that the defendant had substantially breached the written contract as claimed by the plaintiff, and hence that the plaintiff was entitled to rescission thereof.

The findings of fact are supported by sufficient evidence, and upon familiar principles we cannot disturb them. They bring the case within the rule laid down in *Bogie v. Bogie*, 41 Wis. 209, and followed in numerous cases since that case, and justified the court in rescinding the original conveyance.

*By the Court.*— Judgment affirmed.