Hill vs. True and others.

HILL, Respondent, vs. TRUE, Executor, and others, Appellants.

*September 27 — October 20, 1899.*

*Trusts and trustees: Following trust fund: Guardians: Estates of decedents: Jurisdiction of circuit court: Parties: Limitation of actions.*

1. Where the interest of minors in lands which had been devised to them subject to a life estate in the testator's widow was sold by their guardians and the proceeds invested in other lands, title to which was taken in the name of the widow, who was one of the guardians, the last-mentioned lands became impressed with a trust in favor of the wards.

2. Upon the settlement of the testator's estate in such case personal property remained, title to which passed to said wards under a residuary clause in the will.  Such property was also sold by the guardians, the proceeds invested in lands, and the title taken in the name of the widow.  *Held,* that such lands also became impressed with a trust in favor of the wards, and that upon a sale thereof other lands purchased in the widow's name with the proceeds became impressed with the trust.

3. The widow having subsequently transferred the trust property or its proceeds to one of the wards who, though she had knowledge of the rights of the other ward, her brother, nevertheless attempted to dispose of the same by her will to the exclusion of the brother, the latter may maintain an equitable action against the executor

of his sister's will and the legatees, to determine his rights in the property.

4. The circuit court may properly take jurisdiction in such a case, since the controversy relates to real estate or its proceeds, and plaintiff seeks to have the same charged with a trust in his favor, and to have the title adjudged to be vested in him, which could not be done in the county court.

5. Allegations in the complaint in such a case that the transactions by reason of which the trust in plaintiff's favor arose took place in 1865 and the years following, while he was a minor, but that he had no knowledge of the terms of his father's will under which he claimed until after the death of his sister in 1897, shortly after which this action was commenced, do not show that his right of action was barred under the statute of limitations.

APPEAL from an order of the circuit court for Sauk county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

For the appellant *True* there was a brief by *Herman Grotophorst;* for the other appellants there was a brief by *Bentley & Bentley;* and the cause was argued orally by *F. R. Bentley.*

Counsel for the appellant *True* contended, *inter alia,* that respondent was seventeen years old when the transactions took place, and must have known whether his father died testate or intestate. He neglected to investigate and ascertain his rights in his father's property for twenty-seven years. He was therefore guilty of the grossest kind of laches. *Rogers v. Van Nortwick,* 87 Wis. 414; *Thomas v. Thomas,* 88 Wis. 88; *Melms v. Pabst B. Co.* 93 Wis. 153; *Penn M. L. Ins. Co. v. Austin,* 168 U. S. 685; *Higgins v. Crouse,* 147 N. Y. 411; Angell, Limitations, § 187; *Farnham v. Brooks,* 9 Pick. 212; *Preston v. Horwitz,* 85 Md. 164; Perry, Trusts, § 864.

*R. D. Evans,* for the respondent.

CASSODAY, C. J. This is an appeal from an order overruling a demurrer to the complaint in an action to determine the rights of the plaintiff in the property described, and alleging, in effect, the following facts:

On June 27, 1865, one Amos E. Hill, father of the plaintiff and the defendant *True's* testatrix, executed his will at his residence in New Hampshire, wherein, after the payment of his debts and funeral expenses, he gave and bequeathed to his wife, Nancy S. Hill, all of his household furniture, all the provisions he might have on hand at the time of his decease, and one good cow and one farrow cow. He also gave and devised to his wife, for and during the term of her natural life, or while she remained his widow, the homestead farm upon which he lived in Sandwich, New Hampshire, containing about sixty acres of land, to have and to hold the same, to her and her assigns, with all the appurtenances thereto belonging, for and during such term, the farm to be occupied by her or her assigns without impeachment of waste. Such bequest and devise to his wife was intended to be instead of her dower and distributive share in his whole estate. He also gave and devised to his daughter, Sarah E., one undivided fourth part of the homestead farm mentioned, subject to the above legacy to his wife, also his yearling heifer and one sheep. He also gave and devised to his son, *George M. Hill*, the plaintiff herein, his heirs and assigns, forever, all the rest, residue, and remainder of his estate, real, personal, and mixed, wherever found and however situated; and he thereby appointed John C. Haines sole executor of his said will, and thereby revoked all former wills by him made.

Soon after making such will, Amos E. Hill died at his residence in New Hampshire, leaving $1,500 in value of personal property and $700 in value of real estate, and also leaving him surviving his widow, Nancy S., his son, *George M.*, the plaintiff herein, and his daughter, Sarah E., the defendant *True's* testatrix, as his sole heirs at law. Such will was duly admitted to probate in the county court of Carroll county, New Hampshire, July 4, 1865, and thereupon administration thereof was duly committed unto the executor so named therein. Upon the settlement of the

estate of Amos E. Hill there remained $1,000 of such personal estate, which, by the terms of the will, passed to and became vested in the plaintiff. The undivided three-fourths of such real estate passed to and became vested in the plaintiff, and the undivided one-fourth thereof passed to and became vested in Sarah E., subject, however, to the life estate of Nancy S.

On February 6, 1866, the plaintiff and Sarah E. both being infants, Nancy S. and John C. Haines were duly appointed their general guardians, and as such, and on April 3, 1866, obtained a license to sell such real estate. On August 20, 1866, Nancy S. and John C. Haines, as such guardians, sold and conveyed all the right, title, and interest of the plaintiff and Sarah E. in and to such real estate to one Sinclair for $255.50, and also sold all the residue of such personal estate, subject to the use of Nancy S., but no inventory nor account thereof was by them filed, and no settlement of such guardians' account was at any time had with the plaintiff after he became of age. In 1866 said guardians left New Hampshire, and came to Sauk county, Wisconsin, to reside, when the plaintiff was sixteen years of age. Such guardians brought with them to Sauk county the moneys arising from the sale of such real and personal property, and on July 27, 1866, Nancy S. purchased certain of the real estate described in the complaint, and took the title in her own name. At that time Nancy S. had no separate estate of any kind, except such as arose from the sale of the residue of Amos E. Hill's estate, in which she had such life estate. Thereafter Nancy S. invested the remainder of such estate in various securities in her own name, and thereafter received the income thereof for and during the remainder of her natural life. Nancy S. had no gainful occupation, and did not increase the amount of such property. A few days before her death Nancy S. delivered to Sarah E. Hill all such personal property, moneys, and effects, to the amount of about $400.

On August 21, 1885, Nancy S. sold and conveyed to the plaintiff the lot therein described in consideration of $200. On January 30, 1889, Nancy S. conveyed to the Methodist Episcopal Church the lands described in consideration of $400. The moneys arising from such sales Nancy S. invested in her own name, and, after using the income thereof, and just before her death, she delivered the same to Sarah E., she then having knowledge of the plaintiff's rights therein. On January 31, 1890, Nancy S. conveyed the lands described to Sarah E., she then having knowledge of the plaintiff's rights therein. A few days afterwards Nancy S. died. Nothing is alleged as to the settlement of her estate.

On October 30, 1897, Sarah E. executed her last will and testament. On November 5, 1897, she died at her home in Baraboo. Thereupon, and before the commencement of this action, such will was filed and admitted to probate, and the defendant *True* was appointed executor thereof, and he thereupon gave the requisite bond, and qualified, and entered upon the duties of such trust, and June 20, 1898, made and filed an inventory of the lands and property owned or held in the possession and name of Sarah E. Hill at the time of her death. The will so left by her is to the effect that she thereby gave and bequeathed to the plaintiff $300, also two chairs, two rugs, and one picture of herself and the plaintiff; that she gave and bequeathed to her executor in trust $50 for the use of her niece Laura; that she gave and bequeathed to the Baraboo Cemetery Association $50, to be used in the care of her mother's grave; that she gave and bequeathed all her books and album to Mary Blatchley; that she gave and bequeathed two bedroom carpets and kitchen carpet and all wearing apparel to Tina Farnsworth; that she gave and bequeathed and devised to her executor all the real estate she might die seised of, in trust, however, for the following uses and purposes,— that is to say: Her executor should sell her real estate, and reduce the same

to money, as soon as practicable, and out of the proceeds thereof she thereby directed such executor to pay all her just debts, including the funeral expenses, and the balance of such moneys she thereby gave and bequeathed to the *First Presbyterian Church of Baraboo*.  She thereby gave and bequeathed all the rest of her furniture, bedding, carpets, pictures, fruit dishes, stoves, and whatever other house furniture there might be to her aunt, Sarah Moulton.  All the rest, residue, and remainder of her property she thereby gave and bequeathed to the *Railway Young Men's Christian Association of Baraboo*.

The complaint also alleges that at the time Sarah E. Hill made her will the entire property mentioned and described in the inventory so filed by the defendant *True* belonged to the plaintiff, except $175 and the household furniture, wearing apparel, carpets, books, pictures, and chairs, and that he had no knowledge nor information as to the terms of his father's will, nor as to his interest in his father's estate, until after the death of his sister; and that prior to that time he supposed his mother was the sole owner thereof.

The executor, *True*, the *First Presbyterian Church and Society of Baraboo*, and the *Railway Young Men's Christian Association of Baraboo* are all made defendants.  The theory of this action is that the plaintiff is the real and equitable owner of the property hereby sought to be obtained, and that his mother or sister, or both, purchased the same with money which, in law and in equity, belonged, or largely belonged, to him.

It is contended that the plaintiff has no legal capacity to maintain this action; this is on the theory that, with certain exceptions unnecessary here to mention, personal property is never inherited, but upon the death of the owner passes to the executor or administrator, and from the executor or administrator to the legatee or distributee; that the title of the executor or administrator intervenes between the tes-

tator and the legatee and between the ancestor and the next of kin. *Kirkendall's Estate*, 43 Wis. 167–179; *Murphy v. Hanrahan*, 50 Wis. 490; *Hall v. Hall*, 98 Wis. 199, and cases. there cited. With real estate, however, the rule is different, and upon the death of the owner the title passes directly to the devisee or to the heir at law. *In re Estate of Pierce*, 56 Wis. 560; *Newman v. Waterman*, 63 Wis. 616, 617; *Prickett v. Muck*, 74 Wis. 205; *Hiles v. Atlee*, 90 Wis. 78; *Hall v. Hall*,. 98 Wis. 201. Under the allegations of the complaint, and from these authorities, it follows that upon the death of Amos E. Hill the title to his real estate passed by devise to his children, subject to his widow's life estate. Moreover, the title and interest of such children in such real estate were sold by their guardians, and the proceeds thereof in-vested in real estate in Sauk county, the title to which was taken in the name of the widow; and, of course, such real estate thereby became impressed with a trust in favor of such children, respectively. *Gunn v. Blair*, 9 Wis. 352. Be-sides, the complaint alleges that Amos E. Hill left personal property of the value of $1,500; that upon the settlement of that estate there *remained* of such personal estate property worth and of the value of about $1,000, the title to which passed to and became vested in the plaintiff under the resid-uary clause of the will; and that such $1,000, or a large por-tion thereof, was used by such guardians in purchasing land in Sauk county, the title to which was taken in the name of the widow. If such allegations are true, then it necessarily follows that the lands so purchased with such remainder of the personal estate became impressed with a trust in favor of the plaintiff; and so, if such lands were sold and with the proceeds thereof other lands were purchased and the title to the same taken in the name of the widow, such other lands became impressed with the same trust. We must hold that under the allegations of the complaint the plaintiff has such an interest in the property mentioned in the inventory

:so filed by *Mr. True* as such executor, or some part thereof, as is sufficient to maintain an action to determine his rights in :such property. If such property is so impressed with such trust, then the defendants the *Presbyterian Church* and the *Young Men's Christian Association* would necessarily take under the will of Sarah E., subject to such trust; and, since this is an equitable action, the church and the association are proper parties defendant.

It is contended that the plaintiff's remedy, if any, must be obtained in the county court, and hence that the circuit court had no jurisdiction. But the case is peculiar, and after careful consideration we are constrained to hold that the circuit court properly took jurisdiction. The controversy relates to real estate or the proceeds of the sale of real estate. The plaintiff seeks to have such real estate charged with a trust in his favor, and to have the title to the same adjudged to be vested in him. This could not be done in the county court, and hence the plaintiff had no complete remedy in that court. This court has repeatedly and recently held that in such a case the circuit court may properly take jurisdiction. *Hawley v. Tesch,* 72 Wis. 299; *S. C.* 88 Wis. :213; *Lamberton v. Pereles,* 87 Wis. 456; *Meyer v. Garthwaite,* 92 Wis. 571; *In re Klein,* 95 Wis. 246; *Burnham v. Norton,* 100 Wis. 8. It is unnecessary to renew the discussion of the questions determined by these cases.

Under the allegations of the complaint we cannot hold that the plaintiff's right of action is barred by the statutes of limitation. The case should be tried upon the merits.

*By the Court.*— The order of the circuit court is affirmed.