GUARDIANSHIP OF KNOLL and another: STATE BOARD OF
CONTROL, Appellant, vs. KNOLL, Respondent.

*May 3—May 21, 1918.*

*Parent and child: Guardianship of children committed to state public
school: Parent's right to custody: Petition: Amendment: Ju-
risdiction of county and circuit courts.*

1. An order made by a county judge committing children to the state
   public school at Sparta is not an order appointing a guardian or
   reviewable as such by the circuit court. The state board of
   control becomes the guardian of children so committed, not by
   appointment, but by force of the statute (sec. 573*d*).

2. No notice of the proceeding for commitment of children to the
   state public school being required by the statute to be given to
   the parents, such commitment does not foreclose the right of
   the parent, when competent, to resume the care and custody of
   the children; and the fact that the parent was present at the
   hearing before commitment is immaterial.

3. Where children were committed to the state public school on
   the ground that their father had abandoned them and their
   mother was not a fit and proper person to have their care,
   custody, and control, the county court has jurisdiction after-
   wards, upon a proper petition by the mother stating the facts
   and alleging her present ability to support and care for the
   children and that because of reformation or for some other
   reason she is now a fit and proper person to have their care
   and custody, to determine the question whether such care and
   custody should be awarded to her and to make an order ac-
   cordingly.

4. A petition by the mother in such a case, asking that she or some
   other suitable person be appointed guardian of the children, is
   treated as asserting the mother's right to their care and cus-
   tody, and the amendment thereof so as to state the proper
   grounds upon which to proceed is permitted.

5. The proceeding upon a proper petition in such case is not strictly
   a proceeding to appoint a guardian, but is nevertheless one
   which affects the person and the right to the custody of minors
   who, under sec. 573*f* and the general provisions of the statutes
   relating to guardianship of minors, are in effect wards of the
   court.

6. The jurisdiction of the county court in such a case is concurrent
   with that of the circuit court in like matters; but such juris-

diction of the circuit court will not be exercised originally unless it appears that the county court cannot grant relief as adequate, complete, prompt, and efficient as can be granted by the circuit court.

APPEAL from an order of the circuit court for Walworth county: E. B. BELDEN, Circuit Judge. *Affirmed in part.*

Guardianship. On September 11, 1913, the county judge of Walworth county, upon hearing, found that Henry Knoll and Marie Knoll, infants, were in need of proper care, protection, and control, and in danger of becoming confirmed in vice; that they were sound in mind and body; that the mother, *Bertha Knoll,* was not a fit and proper person to have the care, custody, and control of said children; that the father had abandoned the children and his whereabouts was unknown, and that the children were neglected. Upon said findings and other findings of formal matters the court directed that said children be committed to the state public school at Sparta, and they were accordingly committed. In September, 1917, the mother, *Bertha Knoll,* filed a petition in the county court of Walworth county in which it was alleged that Marie Knoll was born July 22, 1906, and Henry Knoll in May, 1908; that the whereabouts of said minors was then unknown to petitioner; that the father of said minors abandoned said children in 1911; that the minors are not the owners of any real estate or personal property; that they have an expectant estate in the homestead of the petitioner where she now resides, which homestead is in the name of the petitioner; that all her children shall share equally in her property at the time of her death, and "while said minors have no property within the state of Wisconsin at the present time, yet your petitioner is of the opinion that it would be for their best interests to have a guardian appointed as by law." Upon the hearing of the petition the *State Board of Control* appeared and objected on the ground that the county court

had no jurisdiction to appoint a guardian, for the reason that under the provisions of sec. 573*d*, Stats., the *State Board of Control* became and still is the guardian of said children. The objection of the *State Board of Control* was sustained and the county court dismissed the petition. From such order the petitioner appealed to the circuit court for Walworth county, notice of which was given in the manner prescribed by the county court. Upon hearing before the circuit court that court entered the following order:

"Ernst Merton, Esq., appears for the petitioner.

"The attorney general, by Ray Bowers, Esq., district attorney, appears for the *State Board of Control,* contending that this court has not jurisdiction in the premises for the reasons above stated; and the court having considered the matter and being advised thereof and being of the opinion that the commitment of children to the state public school and the statutory guardianship of the *State Board of Control* of children so committed is to serve particular conditions specified in the statutes, and is of special, temporary, and emergency character, that upon proper showing that the cause for such commitment no longer exists and that the petitioning parent is able to furnish suitable support and is a proper and suitable person to be intrusted with the custody, control, and nurture of the children of whose custody, control, and nurture such parent has been by law deprived, such parent is of right and by law entitled to have the custody, control, and nurture of said children restored; and being mindful of the natural rights of suitable parents and that the primary and fundamental consideration is the welfare of the child and that said petitioning parent should have opportunity to be heard herein, hereby

"Adjudges and decrees: That the court depriving the parents of such custody, control, and nurture, committing such child to other custody or guardianship, always has jurisdiction, upon proper showing, to review, reconsider, and amend its orders and judgments theretofore made concerning such child; that the county court of Walworth county had and has such jurisdiction in the instant matter, and that this court

now has and may exercise jurisdiction to review the action and order of the county court in question in the instant appeal.

"Further ordered and adjudged: That the order and judgment of the county court of Walworth county that it has no jurisdiction in the premises be and the same hereby is reversed.

"This court having full jurisdiction in the premises and being willing to exercise it, it is

"Further ordered and adjudged: That within twenty days after service of a copy of this order upon it the *State Board of Control* of the state of Wisconsin inform this court and Ernst Merton, attorney for petitioner, of the whereabouts and address of said Marie Knoll and Henry Knoll, in whose physical custody they are, or show cause why the custody, control and nurture, and guardianship of said Marie Knoll and Henry Knoll should not be restored and granted to said *Bertha Knoll,* their mother; inform said attorney and this court as to the nature and character of any contracts and instruments of indenture existing and controlling said Marie Knoll and Henry Knoll if they are elsewhere than at said state public school, or to show cause why the bodies of said Marie Knoll and Henry Knoll should not be produced before this court at a time to be hereafter fixed."

The *State Board of Control* appeals from the order of the circuit court.

For the appellant there was a brief by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt.*

*Ernst Merton* of East Troy, for the respondent.

Rosenberry, J. The county judge found upon the hearing in 1913 that the mother was not a fit and proper person to have the care, custody, and control of the children; that they had been abandoned by their father; and that it was necessary in order to secure proper care, protection, and control to commit them to the state public school at Sparta. The mother in her petition does not allege any change in her cir-

cumstances, and upon the general allegation that "your peti-
tioner is of the opinion that it would be for their best interests
to have a guardian appointed by law," seeks to deprive the
*State Board of Control* of the custody of the two children in
question.

The first claim made is that the order commiting the chil-
dren to the state public school at Sparta, having been made by
the county judge who acted as a mere magistrate, is therefore
subject to review. *Guardianship of Klein,* 95 Wis. 246, 70
N. W. 64. In that case it was held that the circuit court
might, upon petition, determine who the guardian of the child
should be, and that it was not concluded in that respect be-
cause the county judge had made an order awarding the
custody of the child in question to another person under the
provisions of sec. 4587*b,* S. & B. Ann. Stats.

It has been held that the county judge has authority, sit-
ting as a magistrate, to commit minors to the state industrial
school. *Wis. Ind. School for Girls v. Clark Co.* 103 Wis.
651, 79 N. W. 422; *State ex rel. Spritka v. Parsons,* 153
Wis. 20, 139 N. W. 825.

It is to be noted that the order of the county judge does not
appoint the *State Board of Control* guardian of the said chil-
dren. The children are by said order committed to the state
public school at Sparta. The order itself contains no pro-
vision in regard to guardianship and therefore is not such an
order as that made by the county judge in *Guardianship of
Klein, supra.*

The *State Board of Control* does not become the guardian
of the children in question by appointment of the county court
of Walworth county, but when said children are committed to
the state public school at Sparta, the statute provides (sec.
573*d*) :

"The said board of control is hereby made the legal guard-
ian of all children who shall become inmates of said school,
and it shall be its duty to use special diligence in providing

suitable homes for them.    It may place them in families and make written contracts with responsible and suitable persons that the children shall be kept during their minority, or, in the discretion of the board, until they attain the age of eighteen years; provide therein for their education in the public schools where they may reside, for teaching them some useful occupation, for their kind and proper treatment as members of the families in which they are placed, and for the payment, on the termination of such contracts, to said board, for the use of the children, of such sum of money as may have been stipulated in the contracts."

While the petition of the mother in form asks that she or some other suitable person be appointed guardian of said minors, we take it that the right which the petitioner is attempting to assert is that she is entitled to the custody of her minor children if she is of sufficient ability to care for them and a fit and proper person to have their care and custody, and that she cannot be deprived of that right in a summary proceeding under a law which requires no notice of the proceeding to be given to her, and we shall regard the petition as asserting that right, although it does not in terms do so.

We think this contention of the petitioner is sound.    This court in *Schiltz v. Roenitz,* 86 Wis. 31, 40, 56 N. W. 194, said:

"The contention that the county court could, without notice to the plaintiff or opportunity to him to defend against the charge of abandonment, grant an order depriving the plaintiff of his most sacred natural rights in respect to his child, so jealously guarded and protected by the laws, offends against all our ideas affecting the administration of justice, and is opposed to the principles which lie at the foundation of all judicial systems not essentially despotic in their character and methods of procedure.    It is provided by the Fourteenth amendment to the constitution of the United States that 'no state shall . . . deprive any person of life, liberty or property without due process of law.'    Due process of law, as applied to judicial proceedings, includes a charge before some judicial tribunal, and notice to the party in some form, either actual

or constructive, and an opportunity to appear and produce evidence in his defense and be heard by himself or counsel. To proceed to adjudicate in the absence of notice to the party 'would be contrary to the first principles of the social compact, and of the right of administration of justice.' ".

In *Milwaukee Industrial School v. Milwaukee Co.* 40 Wis. 328, 339, the court said:

"We cannot think that it was intended to foreclose the right of a parent, when competent, to resume the custody and care of his child. In this respect there is a significant difference between it and the statute before the court in *People v. Turner*, [55 Ill. 280]. That statute provided for process against the parent or guardian of the child, making them parties to the proceeding and apparently bound by it. The statute before us carefully avoids that difficulty, and operates, so to speak, upon the child *in personam*, without citing the parent or guardian, without any color of intent to bind the parent or guardian by the proceeding or by the commitment. It appears to us quite obvious, upon familiar principles, that the parent or guardian is not precluded by the commitment from asserting any right to the custody and care of the child, which he may be afterwards able to establish. . . . The commitment during minority binds the child only; not the parent or guardian, when competent to fulfil towards the child the duties assumed by the state. It is conclusive as between the school and the child; but not as between the school and the parent or guardian. The statute is a humane one, and should not be bent to a construction inconsistent with one of the dearest rights of humanity." See 120 Am. St. Rep., note p. 598.

We must hold, therefore, that the right of the petitioner to the custody of her minor children is not foreclosed by a proceeding, notice of which was not required to be given to her under the terms of the law.

The fact that the petitioner was present at the hearing on the first petition which resulted in the commitment of the minors is immaterial, the statute not requiring any notice to be given to her. Having under consideration an act conferring the power of eminent domain upon a municipality, the

statute not requiring any notice to be given, but it appearing that the property owner was present, this court said:

"It is not seen, therefore, how, if the plaintiff had been notified of the time and place of meeting, or if he had been present at such time and place but taking no part, either circumstance could have availed to cure the defect or render the proceeding of any validity. It is the omission or unconstitutional feature in the statute which vitiates, and that can be cured only by the legislature itself, or, in particular cases, it may be, by the waiver or voluntary abandonment of his constitutional rights by the landowner, who has that power." *Seifert v. Brooks,* 34 Wis. 443, 448.

Has the county court of Walworth county jurisdiction, upon the proper petition, to hear, try, and determine whether or not the petitioner is of sufficient ability to support the minors and is a fit person to have their care and custody, and to award the custody of said minors to the petitioner?

Had the county court declined to proceed further upon the petition filed in this case on the ground that the petition did not state facts calling for any exercise of the equitable powers of the court, its determination would have been correct. The county court, however, did not decline to proceed upon that ground, but upon the ground that it had no jurisdiction in the premises. If the petition had alleged the facts as to the former commitment of the children and further alleged that the petitioner, the mother, by reason of her changed circumstances (indicating with some particularity at least the degree of the change), was now of sufficient ability to support and care for the children, and that because of reformation or for some other reason she was now a fit and proper person to have their care and custody and asked a determination thereon, and if found to be a proper person and to be of sufficient ability to have the care and custody of the children that their care and custody be awarded to her, a different question would have been presented. It is clear that upon such a petition, proper notice being given, the county court would have jurisdiction over the subject matter of the petition.

By the provisions of sec. 573*f*, Stats., as well as by the general provisions of the statutes in regard to guardianship of minors, the county court is given jurisdiction of the person of minors. This in effect constitutes the minor a ward of the court, and in the exercise of this jurisdiction it has all the powers of a court of equity as well as a court of law in the premises. While the proceeding upon a proper petition in a matter like the one before us is not strictly a proceeding to appoint a guardian, it is nevertheless one which affects the person and the right to custody of a minor who is the ward of the court. The county court, therefore, has jurisdiction in the premises. This jurisdiction is concurrent with that of the circuit court in like matters. But the jurisdiction of the circuit court will not be exercised originally in matters wherein the county court has jurisdiction, unless it appears that the county court cannot grant relief as adequate, complete, prompt, and efficient as can be granted by the circuit court. *Glasscott v. Warner,* 20 Wis. 654; *Guardianship of Klein,* 95 Wis. 246, 70 N. W. 64; *Meyer v. Garthwaite,* 92 Wis. 571, 66 N. W. 704; *Burnham v. Norton,* 100 Wis. 8, 75 N. W. 304; *Wisdom v. Wisdom,* 155 Wis. 434, 145 N. W. 126.

Upon the petition being amended so that it will show proper grounds upon which to proceed, the county court will fix a time and place for hearing, give notice thereof to all parties in interest, and determine judicially whether or not the petitioner is of sufficient ability to properly support and care for the minors in question and is a fit and proper person to have their care and custody.

*By the Court.*—That part of the order appealed from reversing the order of the county court dismissing the proceeding is affirmed. The remainder of the order appealed from is set aside. The clerk of this court is directed to return the record in this case to the county court of Walworth county for further proceedings in accordance with this opinion; no costs to be taxed by either party.

Owen, J., took no part.