PRICE
v.
DIETRICH.

---

## PRICE VS. DIETRICH.

The remedy provided by chapter 101 of the Revised Statutes of 1858, for creditors having claims against the estates of deceased persons, is exclusive in its character.

No suit can be maintained upon a claim which has been allowed by the county judge, or by the commissioners appointed by him to receive, examine and adjust claims against the estate of the deceased, in accordance with the provisions of the statute, unless, after an order of distribution has been made by the county judge, the administrator refuses or neglects to pay according to the order, in which case he becomes personally liable.

The allowance of a claim by the county judge, or by said commissioners, has the force and effect of a judgment.

ERROR to the Circuit Court for *Dane* County.
The case is stated in the opinion of the court.
*R. W. Lansing* and *E. T. Sprague*, for plaintiff in error.
*Nat. Rollins*, for defendant in error.

November 19.    *By the Court*, PAINE, J. This action was brought against the plaintiff in error as administratrix of the estate of Robert Price, deceased. The complaint averred that the deceased was indebted to the plaintiff in the sum of $611 11; that the defendant was appointed his administratrix; that the plaintiff's claim had been duly presented to the county judge and allowed, but that the defendant had neglected and

refused to pay it. To this complaint a demurrer was interposed, which was overruled by the court below.

The question presented is whether, upon the facts averred, the action is sustainable against the administratrix. We think it is not. The statute provides a specific method for ascertaining and settling claims against the estates of deceased persons. Commissioners are appointed, or the county judge acts in their place, and due notice is given of the time and place when and where claims may be presented for allowance. When allowed, they have all the force and effect of a judgment. Either party may appeal, but if neither does appeal, the adjudication of the county judge or commissioners is conclusive.

This being so, no beneficial purpose could be subserved by allowing an action on the claim thus allowed, against the administratrix. If judgment should be recovered against her, the party recovering it would be in no better position than he was before. The law therefore provides that the county court may, from time to time, order a distribution of assets, and payment of debts. Sec. 40, chap. 101, R. S., 1858. The clear implication from all these provisions of the statute, even in the absence of a positive provision to that effect, would be that the remedy which they furnish is exclusive in its character. But in addition to that, sec. 62 expressly provides that, except as that chapter allows, no action shall be sustained against an executor or administrator. Sec. 44 provides that after an order of distribution has been made by the county court, then if the administrator does not pay according to the order, he shall be personally liable. But the only result of allowing an action upon a claim already allowed by the commissioners or judge, would be to accumulate costs against the estate, without advancing the remedy in any degree. The party would still be obliged to obtain his order for distribution from the county court, and to that he may and ought to resort in the first instance.

The judgment must be reversed, with costs, and the cause remanded for further proceedings.