Lannon vs. Hackett and others.

---

LANNON vs. HACKETT and others.

*April 5 — April 20, 1880.*

ESTATES OF DECEDENTS: PLEADING. *(1-4) Of what claims circuit court has original jurisdiction: Form of complaint in such cases. (5) When joint demurrer sufficient.*

1. Under the revision of 1878, as under the previously existing statutes, when a time has been fixed by the county court for presentation of claims against the estate of a decedent, and notice thereof given, the circuit court has no original jurisdiction of any action against the personal representative, upon claims against the estate, *whether such claims be legal or equitable,* except actions for specific real or personal property, or "to establish, enforce or foreclose a lien" on such property; and such claims, if not presented to the county court or commissioners within the period limited, are barred.

2. In an action against an executor on a claim against the testator, brought in the circuit court, the complaint must allege that no time has been fixed for presenting such claims, or that no notice thereof has been given, or it is demurrable for lack of jurisdiction.

3. A complaint against the executor of one H. alleges that plaintiff and H. during his lifetime were partners in the ownership of certain lands and mills thereon, the title being in the name of H., but held in trust for the firm; that, during the lifetime of H., he sold and conveyed said real estate, receiving therefor a certain sum, and also received large sums for rent of the mills, for which he had never accounted to plaintiff; and that plaintiff was entitled to receive from him two-thirds of said rents and of the sum so received on sale of the property, but had received no part thereof. The relief asked is, that an account be taken of such rents, and that the executor be adjudged to pay plaintiff what shall be found due on such accounting, and two-thirds of the money received by H. on the sale of the mills, with interest. There are no averments to show a specific lien upon any real property, or any fund, in the executor's hands; nor of a failure of the county court to fix a time for presenting claims against the estate, etc. *Held*, that no cause of action is stated against the executor, and the circuit court had no jurisdiction.

4. The insertion in the complaint of a demand that the judgment determine that H. in his lifetime was a partner of plaintiff and held the mill property in trust, etc., does not alter the character of the action as one merely for the recovery of money due plaintiff from H., in the absence of any averments to show an equitable lien in plaintiff's favor, as against other creditors, upon any fund in the executor's hands.

5. The widow and heirs-at-law having been made defendants only as interested in the assets in the executor's hands, and no attempt being made to charge them personally or to establish a specific lien on any real estate that had come to them, the complaint is held bad as to all the defendants on their *joint* demurrer.

APPEAL from the Circuit Court for *Milwaukee* County.

The case is thus stated by Mr. Justice TAYLOR: "This action was commenced in the circuit court of Milwaukee county against *Samuel Howard*, as executor of the last will and testament of Edward Hackett, deceased, and *Bridget Hackett*, widow, and others, children and heirs-at-law of the deceased. The complaint sets out that in the lifetime of the said Edward Hackett he and the said plaintiff were partners in the ownership of certain lands, and mills situate thereon; and that, although the title to the same was held in the name of the deceased alone, it was so held for the use and benefit of said partnership; that in the lifetime of the said Edward

Hackett he sold and conveyed away said real estate, and received therefor the sum of $12,000 in money; that plaintiff was entitled to receive two-thirds of said money from the said Hackett in his lifetime; and that the latter had paid no part of it previous to his death. It also alleges that, previous to the sale of said mills, said Hackett received large sums of money as rent for said mills, of which rents the plaintiff was also entitled to receive of said Hackett two-thirds, for which he had not accounted previous to his death. The complaint asks that an account be taken of such rents, and that the executor be adjudged to pay the plaintiff what shall be found due to the plaintiff on such accounting, as well as the two-thirds of the money received on the sale of said mills, with interest from the receipt of the same."

Defendants demurred to the complaint on the grounds, among others, that the court had no jurisdiction of the subject matter, and that no cause of action was stated; and they appealed from an order overruling the demurrer.

For the appellants there was a brief by *Howard & Wall*, and oral argument by *Mr. Howard.* They contended, *inter alia*, 1. That the circuit court had no jurisdiction over the subject matter of the action. Ch. 101, R. S. 1858, gives to the county courts exclusive original jurisdiction over all claims against the estates of decedents, with the exceptions specified. The jurisdiction of the circuit courts in such cases is merely supervisory. *Price v. Dietrich*, 12 Wis., 626; *Brook v. Chappell*, 34 id., 405. The claim of the plaintiff, not having been properly presented within the time limited by law, is forever barred. Tay. Stats., 1228, sec. 14; *White v. Fitzgerald*, 19 Wis., 480. In the case of *King v. Lawrence*, 14 Wis., 238, relied upon by respondent, the question was not one of money due from the estate, but one of title to certain specific personal property. 2. That the complaint is not sufficient. It does not state any disposition of the estate of the testator, nor that he left any estate at all. The defendants are not al-

leged to be either legatees, devisees, heirs or next of kin; nor are the facts which would make them liable as such stated. R. S. 1858, ch. 147, secs. 34-38, 46; R. S., secs. 3269-3286; *Schemerhorn v. Barhydt*, 9 Paige, 45.

The cause was submitted for the respondent on the brief of *J. V. V. Platto* and *P. H. Carney:*

The complaint states facts sufficient to constitute a cause of action. It shows that the deceased was trustee of the plaintiff as of a trust by operation of law — a resulting trust — with respect to the lands described. It alleges that such lands were purchased by the deceased with partnership assets, and the deed taken in his own name. In such cases a trust results. *Whiting v. Gould*, 2 Wis., 588, 597; Perry on Trusts, § 26; *Bird v. Morrison*, 12 Wis., 153; Potter's Eq. Jur., 417; 1 Wait's Act. & Def., 246; *Morrell v. Dickey*, 1 Johns. Ch., 153; *Jackson v. Matsdorf*, 11 Johns., 91; *Jackson v. Mills*, 13 id., 463; *Jackson v. Morse*, 16 id., 197; *Swinburne v. Swinburne*, 28 N. Y., 568; *Roller v. Spilmore*, 13 Wis., 36; *King v. Lawrence*, 14 id., 238; *Hubbard v. Burrill*, 41 id., 365. Deceased could not have purchased in his own sole behalf. *Cook v. Berlin Woolen Mill Co.*, 43 Wis., 433; *Frentz v. Klotsch*, 28 id., 312; *Onson v. Cown*, 22 id., 329; *Fowler v. Bailley*, 14 id., 125; *Blakeslee v. Starring*, 34 id., 538; *Foote v. Foote*, 58 Barb., 262; *Ryan v. Dox*, 34 N. Y., 307; *Anderson v. Lemon*, 8 N. Y., 236; Collyer on Part., § 135; 58 N. Y., 606; 56 id., 485; 64 id., 471. The real estate so acquired by the partnership was personal property, and did not descend to the heirs of the deceased. Story on Part., §§ 92, 93; Collyer on Part., 125; 5 Wait's Act. & Def., 119-121; *Pierce v. Trigg*, 10 Leigh, 406; *Ludlow v. Cooper*, 4 Ohio St., 1; *Fairchild v. Fairchild*, 64 N. Y., 471; *Galbraith v. Gedge*, 16 B. Mon., 631; *Dewey v. Dewey*, 35 Vt., 555; *White v. Fitzgerald*, 19 Wis., 480; *Thorn v. Thorn*, 11 Iowa, 146; *Bird v. Morrison*, 12 Wis., 153.

TAYLOR, J. The complaint does not state that any specific

Lannon vs. Hackett and others.

property belonging to the partnership ever came to the hands of the executor, or that the deceased had any such property in his possession at the time of his death, and claims no relief except for an account of moneys received by the deceased on account of said partnership. It is true, the complaint demands the "judgment of the court that said Hackett, in his lifetime, was a partner of the plaintiff in the ownership of the mill property, and in the business of managing and operating the same, and that the same was purchased by him in trust for the partnership, and that he was to account for two-thirds of the profits," etc. It is evident, however, that no such formal judgment is required for the purpose of the relief demanded by the plaintiff. It may be necessary that the court should find these matters as facts existing, in order to entitle the plaintiff to an accounting and judgment for the amount found due to him thereon. There is nothing stated in the complaint which shows that the plaintiff's claim, if he has any, against the estate of the deceased, would be preferred to the claim of any other creditor of said deceased, nor that any property came to the hands of the executor upon which his claim, if established, would be an equitable lien as against the other creditors of the deceased.

The allegations of the complaint show that the last partnership transaction in relation to the alleged partnership property took place seven years before the death of the deceased, by the sale of all the partnership property and the receipt of the money therefor; and there is no allegation that this money was retained by the deceased separate from his other estate, nor is there any attempt to show that it was invested in any particular real or personal estate, which at his death passed either to his heirs or executor as a part of his estate. The allegations of the complaint do not, therefore, make out a case showing that the plaintiff has a specific lien upon any property which came into the hands of the executor or of the heirs-at-law from the decedent; and he does not, therefore, bring

himself within the rule " that a partner has a specific lien on the present and future property of the partnership . . . . for his own amount or share of the capital stock and funds, and for all moneys advanced by him for the use of the firm, and also for all debts due to the firm for moneys abstracted by the other partner from such stock and funds beyond his share," as laid down by Story on Partnership, § 97.   Such rule is only applicable " so far and so long " as to the partnership property, or any other property into which the partnership property may have been converted, " as its original character and identity can be distinctly traced."   See same section.

The only relief which the plaintiff asks in this case, and to which, under the allegations of his complaint, he is entitled, is a judgment, for the payment of money only, against the executor of the deceased.   In the view we have taken of this case, it becomes unnecessary to consider many of the questions which have been very ably argued by the learned counsel for the respective parties; as we have concluded that the circuit court had no jurisdiction of the subject matter of the action, and that no cause of action is stated therein against *Howard*, as executor; and no cause of action having been stated against the executor, none is stated against the other defendants, who are made parties only because they are interested in the estate in the hands of the executor, which is sought to be made subject to the plaintiff's claim, and no relief is in fact demanded against them.   If, therefore, a separate demurrer by the executor would be sustained, the joint demurrer of all the defendants properly raises the same questions, and should likewise be sustained.

It is urged that, because the action is clearly an equitable action, there can be no doubt as to the jurisdiction of the circuit court under the provisions of the constitution of this state. In order to come to a correct conclusion as to these matters, it will be necessary to determine what are the powers and jurisdiction of the circuit and county courts of this state in

actions of this kind; and to that end we here quote the provisions of the constitution and the laws bearing upon the question:

Section 8 of article VII of the constitution provides that " the circuit court shall have original jurisdiction in all matters, civil and criminal, within this state, not excepted in this constitution and not hereafter prohibited by law, and appellate jurisdiction," etc.

· Section 14 of the same article reads as follows: " There shall be chosen in each county, by the qualified electors thereof, a judge of probate, who shall hold his office for two years and until his successor shall be elected and qualified, and whose jurisdiction, powers and duties shall be prescribed. by law; provided, however, that the legislature shall have power to abolish the office of judge of probate in any county, and to confer probate powers upon such inferior courts as may be established in said county."

Under this proviso the probate courts were abolished in all ·the counties in this state by chapter 86, R. S. 1849, and the jurisdiction, powers and duties of such probate judges or courts were conferred upon the several county courts of the respective counties in this state.

Amongst the powers conferred upon the county courts are those enumerated in chapter 101, R. S. 1858, entitled " Of payment of debts and legacies of deceased persons." Section 1 of that chapter provides that "if, on granting letters testamentary or of administration by any county court, any person interested in said estate, either as creditor, heir or legatee, shall require the appointment of commissioners, it shall be the duty of the judge of such court to appoint two or more suitable persons to be commissioners to receive, examine and adjust all claims and demands of all persons against the deceased, except in the following cases." The excepted cases are, when there are no debts, or when the estate is so small that the whole thereof shall be assigned for the support of the widow

and children. Sections 2 to 14, inclusive, of such chapter, provide for giving notice of the time and place for presenting claims to the commissioners, and for the manner of hearing the parties interested, by such commissioners. Section 12 reads as follows:

"Section 12. The commissioners shall have power to try and decide upon all claims which, by law, survive against or in favor of executors or administrators, except claims for the possession or title of real estate, and may examine and allow all demands at their then present value, which may be payable at a future day, including claims payable in specific articles, and may offset such demands in the same manner in favor of the estate."

Section 14 bars the right to recover upon any claim not presented within the time limited by the court for that purpose. Section 15 reads as follows:

"When commissioners shall be appointed as provided in this chapter, for examining and allowing claims against any estate, no action shall be commenced against the executor or administrator, except actions for the recovery of real property, and actions for the recovery of personal property, and actions to perfect a lien of any mechanic and laborer for work done and for materials furnished by any brick-maker, brick-layer, stone-cutter, mason, lime merchant, carpenter, painter, glazier, iron-monger, plasterer, lumber merchant, and to any person employed in erecting or repairing any house or other building; nor shall any attachment or execution be issued against the estate of the deceased until the expiration of the time limited by the court for the payment of debts."

Ample provisions are made for an appeal from the decision of the commissioners, by either party, to the circuit court, and for a trial in that court. Section 31, as amended by section 1, ch. 24, Laws of 1862, provides that when no one applies for the appointment of commissioner, the judge of the proper county court shall receive, examine and adjust all such claims

against the deceased, and for that purpose shall have all the powers and perform all the duties of commissioners; and by the amendment of 1862, above referred to, "all the provisions of chapter 101 relating to the effect of the appointment, the decision and the report of commissioners, the action to be taken on the same, to appeals therefrom, to the time limited for the presentation of all claims by creditors, to the effect of failure to present claims within the time limited for that purpose, to the distribution of assets, and all other provisions affected by said section 31, shall apply and be in force in all cases when the judge of the county court shall perform the duties of such commissioners."

Section 61, as amended by Laws of 1862, ch. 24, sec. 2, provides that when no commissioners are appointed, and when the judge does not act in the place of such commissioners, then a party having a claim against the deceased may bring an action against his executor or administrator; and section 62 reiterates the prohibition against bringing actions against executors and administrators in the following language:

"Section 62. In no other case except such as are expressly provided for in this chapter, shall any action be commenced or prosecuted against an executor or administrator; nor shall any warrant of attachment or execution issue against such executor or administrator, or against the estate of the deceased in his hands, during the time allowed him for the payment of debts, except in the cases provided in the preceding section."

It would seem that the sections of the statute above quoted and referred to expressly take away the jurisdiction of the circuit court to entertain an action, either at law or in equity, against an executor or administrator as such, except as to claims for the possession or title of real estate, and to the possession of personal property, or to perfect liens, unless the county court fails to appoint commissioners to receive, examine and adjust the claims against the deceased, and the judge also fails to act in the place of such commissioners. This

was the view entertained by the revisers as to the effect of the law as it stood at the time of the revision of 1878; and the substance of the different provisions was condensed and re-reënacted in section 3845, as follows:

"No action shall be commenced against an executor or administrator, excepting actions for the recovery of specific real or personal property, or actions to establish, enforce or foreclose a lien or right of lien on real or personal property; nor shall any attachment or execution be issued against the estate of the deceased, or the executor or administrator thereof, until the expiration of the time limited for the payment of debts, except as provided in sections 2751 and 2978. Nothing in this section shall prevent any person having a lawful claim against a deceased person from bringing an action therefor against the executor, administrator, heir, devisee or legatee of such deceased person, when no time has been fixed in which creditors may present their claims against the deceased for allowance, or when no notice of such limitation has been ordered or given."

By these provisions of our laws, the property of a deceased person, except his real estate, and that to a limited extent, passes into the possession of the executor or administrator, when one is appointed, and under the control of the county court of the proper county, and all persons having claims against such deceased person, which ought to be paid out of his estate, must proceed to have their claims allowed and paid through the instrumentality of the laws regulating the procedure in that court. The fact that the claim is one which can be enforced in a court of equity alone, is no reason for proceeding in the circuit court. The county court has ample power to determine equitable as well as legal claims. The only exceptions are those expressly mentioned in the statutes, and possibly actions to ascertain an equitable claim, and then enforce it as a lien upon specific personal property or real estate which may have come to the hands and possession

of the executor or administrator as a part of the estate of the decedent.

Of the power of the legislature to take away the jurisdiction of the circuit court in actions to charge the estates of deceased persons with the payment of the debts of the decedent, there can be no doubt. The constitutional provision as to the jurisdiction of circuit courts as to civil actions is just as full and ample in respect to cases at law as it is in respect to cases in equity; and if the legislature can take away its jurisdiction as to cases at law, it can as to cases in equity. The only question is, Has it done so? The repeated decisions of this court hold th it has, and the supreme court of Michigan, from which we copied our law, have held the same way under the law of that state. See *Lightfoot, Adm'r, v. Cole, Adm'r,* 1 Wis., 27; *Price v. Dietrich,* 12 Wis., 627; *McKnight v. The Estate of McKnight,* 20 Wis., 447; *White, Adm'x, v. Fitzgerald, Adm'r,* 19 Wis., 480, 513; *Gale v. Best,* 20 Wis., 48; *Batchelder v. Batchelder,* id., 452; *Tredway v. Allen,* id., 476; *Parry v. Wright,* id., 483; *Willis v. Fox,* 25 Wis., 646; *Tryon v. Farnsworth,* 30 Wis., 577; *Brook v. Chappell,* 34 Wis., 405; *Lenz v. Brown,* 41 Wis., 172; *Clark v. Davis,* 32 Mich., 154; *Fish v. Morse,* 8 Mich., 34.

The case of *King v. Lawrence,* 14 Wis., 238, is not in conflict with any of the decisions above quoted. In this case the action was not against an executor or administrator; but if the defendants had been sued in their representative character, the action could have been maintained, for the reason that the object of the action was to recover the possession of, or to compel the defendants to surrender to the plaintiff, specific personal property held by them in their representative capacity. These decisions render a further discussion of this question not only unnecessary but improper. The point ought to be considered settled. In order to enable a party to maintain an action in the circuit court against an executor or administrator in his representative capacity, when the ultimate object of the

action is to obtain a judgment for money only, to be paid out of the estate of the decedent, the complaint should state facts which take it out of the prohibition of the statute. Under the old law we think nothing would take it out of the prohibition except an allegation, in substance, that no commissioners had been appointed to receive, examine and adjust the claims against the estate; and that the proper county judge had not acted in the place of such commissioners in the matter of receiving, examining or adjusting such claims. See section 61, R. S. 1858, above referred to. And under section 3845 of the Revised Statutes of 1878, it would be necessary to allege that no time had been fixed by the proper court within which creditors might present their claims against the estate, or that no notice of such limitation had been ordered or given as required by law.

Under the Revised Statutes of 1878, sec. 3838, it is made the duty of the county court to receive, examine and adjust the claims and demands of all persons against the estates of deceased persons, after an executor or administrator has been appointed by such court; and commissioners for that purpose are only to be appointed in the discretion of the court, on the application of some person interested, when it is probable that such claims and demands exceed $500, and that the assets amount to that sum or more. The right to bring actions against the executor or administrator under these statutes is therefore taken away in all cases, unless the court fails to fix a time within which the claims may be presented, or to give notice of such limitation. In all cases, therefore, under the revision of 1878, when a time is fixed in pursuance of the statute, within which claims may be presented, and notice of such limited time is given as prescribed by law, a party who fails to present his claim within the time so fixed is forever barred of any action against the executor or administrator therefor. See R. S. 1878, sec. 3844.

The plaintiff in this case having failed to show any reason

for bringing this action in the circuit court, and the subject matter of the action being within the exclusive jurisdiction of the county court which granted the letters testamentary, the complaint states no cause of action against the executor, and consequently none against the widow and heirs who are joined as defendants with her, and against whom no relief is demanded. The demurrer should have been sustained. See *Batchelder v. Batchelder, supra.*

*By the Court.*— The order of the circuit court is reversed, and the cause remanded for further proceedings according to law.