## DAVIS, Respondent, vs. DAVIS, Appellant.

*January 9—January 26, 1909.*

*Executors and administrators: Ancillary administration: Claims:· Contingent claims: Failure to file claim: Limitation of actions:· Partnership.*

1. Sec. 3844, Stats. (1898), providing that every person having a claim against a deceased person proper to be allowed by the county court, who shall not, after notice given as required by sec. 3840, exhibit his claim to the court within the time limited for that purpose, shall be forever barred from recovering such demand, applies to property and rights involved in ancillary administration had in a Wisconsin court as well as to those in domestic administration; and hence where plaintiff had a claim for her husband's share in a partnership against the estate of· the surviving partner, who died a nonresident and upon whose estate ancillary administration was granted in Wisconsin, such.

claim, though unliquidated, if not seasonably presented in the ancillary administration, cannot be the basis of an action in Wisconsin courts against the distributee of the surviving partner's estate.

2. A contingent claim is one which may never accrue, where the liability depends upon some future event which may or may not happen; and therefore the fact that an accounting is necessary to determine the amount due as claimant's share in a partnership does not make the claim a contingent claim against the estate of a deceased partner.

APPEAL from an order of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Reversed.*

This is an appeal from an order overruling appellant's demurrer to the respondent's complaint, which is substantially as follows:

That *Celestia L. Davis* is the widow and sole heir of one Melson J. Davis, who died intestate and without issue at the city of Milwaukee, Wisconsin, January 25, 1895; that at least fifteen years or more before his death said Davis entered into copartnership with one William H. Davis, under the firm name and style of Davis Brothers, for the purpose of buying, selling, and dealing in oils of various kinds at the city of Milwaukee, Wisconsin; that, as plaintiff is informed and believes, upon formation of said copartnership all the capital therefor was contributed and furnished by said Melson J. Davis, and for some time thereafter said William H. Davis was merely a nominal partner, but thereafter said partnership agreement was modified so as to provide that said partners were to share profits and losses equally; said partnership continued to do business until the 25th of January, 1895, when it was dissolved by the death of said Melson J. Davis; that, as plaintiff is informed and believes, during the continuance of said partnership and until his death said Melson J. Davis had the principal charge and management of said business and financial affairs of said partnership and owned and controlled a much larger interest in the

property and assets of said firm than William H. Davis; that at the time of the death of Melson J. Davis said copartnership was in possession of a large amount of personal property and considerable real estate, also accounts and choses in action, and, as plaintiff is informed and believes, was also then indebted to various parties, and that the assets of said partnership, including personal and real property, amounted in all to $250,000; that upon the death of Melson J. Davis said William H. Davis took charge and possession of all partnership assets of said firm, and, while ostensibly proceeding to wind up the partnership affairs, he continued the business under and by the name of Northwestern Oil Company at said city of Milwaukee, and did actually run and operate said business under said name until about 1900, when he removed all the unsold portion of the stock of the old firm and other personal assets to the city of Minneapolis, Minnesota, and thereafter continued said business under the name of Northwestern Star Oil Company until his death April 23, 1903; that on the 10th day of June, 1895, plaintiff was duly appointed administratrix of the estate of said Melson J. Davis, deceased, and duly qualified as such, and on June 13, 1895, letters of administration were duly issued to her; that such proceedings were had in the matter of the estate of said Melson J. Davis that on October 1, 1898, a judgment or final decree was duly entered in Milwaukee county court whereby all the estate of said Melson J. Davis, deceased, both real and personal, including the interest in the estate of said Davis in said copartnership assets, was duly assigned to this plaintiff as his widow and sole heir; that this plaintiff ever since the entry of said decree has been and now is the owner of and entitled to receive the distributive share or proceeds of said partnership which belonged to said Melson J. Davis; that after the death of William H. Davis, April 23, 1903, without issue and unmarried, upon petition of his sister, the defendant, *Mary J. Davis,* the county court of Hennepin

county, Minnesota, granted letters of administration with the will annexed upon the estate of said William H. Davis to *Mary J. Davis* on the 3d day of June, 1903, who thereupon duly qualified as administratrix with the will annexed of the estate of said William H. Davis; that in and by said will of said William H. Davis, deceased, defendant, *Mary J. Davis,* was named as sole legatee and devisee, subject only to certain provisions for the support and maintenance of this plaintiff should she in the future be in need of the same; that afterwards such proceedings were had that a judgment was entered in said Hennepin-county court whereby all the estate of said deceased was assigned and decreed to belong to said *Mary J. Davis.*

This plaintiff alleges that the property, real and personal, so assigned to said *Mary J. Davis* was and is of the cash value of $250,000 and upwards; that among the property and assets belonging to the estate of said William H. Davis, deceased, was and is an undivided one-half interest in real estate situate in the county of Vilas, Wisconsin, also in the city of Milwaukee, Wisconsin; that on or about the 7th day of May, 1904, said *Mary J. Davis* filed in the county court of Milwaukee county, Wisconsin, a petition for ancillary administration with the will annexed upon the estate of said William H. Davis, deceased, situated in the state of Wisconsin; that such proceedings were had that on the 8th day of June, 1904, letters of administration with the will annexed upon the estate of said William H. Davis, deceased, were by said county court for Milwaukee county issued to one James W. Bryden, who thereupon qualified as such administrator and entered upon his duties as such; that on or about the 23d day of September, 1905, such further proceedings were had in said last-named matter that judgment was entered therein in said Milwaukee county court, whereby all the estate of said deceased situated in the state of Wisconsin, consisting of $73.18 in money and an undivided one-half interest in

the real estate in Vilas county and city of Milwaukee, were assigned and decreed to belong absolutely to defendant, *Mary J. Davis;* and this plaintiff alleges that said undivided one-half interest in said real estate was and is of the value of upwards of $10,000; that the personal assets in this state consisted of only the sum of $73.18, and were not sufficient to pay the claim of this plaintiff, had it been provable in said county court that said William H. Davis left no heirs to whom any of his property descended, all of the same having been devised and bequeathed by said will to said defendant, *Mary J. Davis;* that said William H. Davis during his lifetime failed and neglected to wind up said partnership affairs, or turn the same into money, or to deliver or turn over to this plaintiff, as sole surviving heir of said Melson J. Davis, the full portion of said partnership estate to which plaintiff was and is entitled; that on the contrary said William H. Davis immediately after the death of Melson J. Davis continued the business of said firm until about 1900 and then removed to Minneapolis and continued the same until the time of his death, and that the partnership matters of said firm of Davis Brothers are still unsettled; that this plaintiff is informed and believes that said William H. Davis at the time of his death had in his hands and possession assets and property belonging to said firm of Davis Brothers and unaccounted for to the amount and value of more than $100,000, more than one half of which belongs to and is the property of this plaintiff, and that she has a contingent claim against the estate of William H. Davis, deceased, amounting to more than $50,000, which, owing to the unsettled condition of said partnership affairs, has not at any time since the death of said William H. Davis become absolute, for which reason plaintiff was unable to and did not prove or file the same in either of said county courts, and that the pretended settlement and distribution of the estate of William H. Davis, deceased, has been completed and the administrators discharged

from their trust and property and assets of said estate of the value of upwards of $250,000 turned over and delivered to said defendant, *Mary J. Davis;* that this plaintiff is informed and believes that the share of said Melson J. Davis in the partnership property of said Davis Brothers was more than one half thereof, and that from the property and assets received by said William H. Davis as such surviving partner and unaccounted for a sum in excess of $50,000 is due plaintiff and chargeable to the estate of William H. Davis, deceased; that plaintiff has been, and will be in the future, unable with diligence to collect said indebtedness, or any part thereof, by proceedings either in the county court of Hennepin county, Minnesota, or the county court of Milwaukee county, Wisconsin, or from the respective administrators appointed by said courts, for the reason that all the property and assets of said William H. Davis, deceased, and of said firm of Davis Brothers has been assigned and turned over to the defendant, *Mary J. Davis,* and said administrators discharged from further liability.

Plaintiff demands judgment against said defendant: (1) That under direction of the court an accounting may be taken of all said partnership dealings between Melson J. Davis and William H. Davis in their lifetime, and what shall appear to be due plaintiff upon said accounting be adjudged to be paid to her; (2) that said defendant be adjudged to pay to plaintiff her due proportion of any sum found due in proportion to the amount or value of the assets received by her from the estate of William H. Davis as the just contribution which the estate of said William H. Davis ought in equity to pay, and that the sum may be adjudged to be a lien upon the real estate, and for such other relief as may be just and equitable, together with costs and disbursements.

The defendant demurred to the plaintiff's complaint upon the following grounds: (1) That the court had no jurisdic-

tion of the subject of the action. (2) Want of facts suf-
ficient to constitute a cause of action. (3) That the action
was not commenced within the time limited by law, refer-
ring to secs. 3842, 3844, 3858, 3859, 3860, 3861, and 4222,
Stats. (1898).

The cause was submitted for the appellant on the briefs
of *J. W. Bass,* attorney, and *Benjamin Davenport;* of coun-
sel, and for the respondent on the brief of *George Sylvester.*

KERWIN, J. As appears from the complaint, the re-
spondent here seeks an accounting and prays recovery of the
alleged portion of the estate of Melson J. Davis which was
not distributed or received by her, but passed into the pos-
session of William H. Davis, and the question arises whether
the complaint states a cause of action. Quite a full state-
ment of the complaint is set out in the statement of facts
and need not be repeated here. Both estates were settled
and distributed in county court, the domiciliary administra-
tion on the estate of William H. Davis being in Minnesota
and the ancillary administration in Milwaukee county, Wis-
consin, and the residue assigned to the appellant. The re-
spondent now in this action claims an interest in the estate
of William H. Davis which was never accounted for by him,
but which was received by the respondent, who claimed his
property by devise. The general question of laches, inde-
pendent of any statutory bar to this action, is argued by ap-
pellant's counsel at great length, and it is insisted that the re-
spondent is bound because of her laches in failing to pro-
ceed against either of the estates to enforce her claim during
the administration of such estates and before final distribu-
tion. We do not regard it necessary to rest this case upon any
general doctrine of laches, but rather upon our statutes and
decisions thereunder. Sec. 3840, Stats. (1898), provides
that at the time of granting letters testamentary or of admin-
istration the county court by order shall fix a time, not less

than six months or more than one year thereafter, within which creditors shall present their claims for allowance, and further provides for giving notice; and sec. 3844, Stats. (1898), provides that every person having a claim against a deceased person, proper to be allowed by the court, who shall not, after notice given as required by sec. 3840, exhibit his claim to the court within the time limited for that purpose, shall be forever barred from recovering such demand or from setting off the same in any action whatever.  Sec. 3840 provides for the giving of notice, hearing, and adjustment of claims.  So far as appears from the allegations of the complaint the respondent had ample opportunity to present her claim against the estate of William H. Davis in the ancillary administration in Wisconsin.  This court has held that the provisions of sec. 3844, Stats. (1898), apply to nonresident as well as to resident creditors, and to property and rights involved in an ancillary administration as well as to those in a domiciliary administration, at least so far as the courts of this state are concerned, and a creditor who fails to present his claim in an ancillary administration in this state within the time limited cannot maintain an action here against an heir of the decedent after the time for presenting claims has expired.  *Winter v. Winter,* 101 Wis. 494, 77 N. W. 883; *Carpenter v. Murphey,* 57 Wis. 541, 15 N. W. 798; *Austin v. Saveland's Estate,* 77 Wis. 108, 45 N. W. 955; *Field v. Estate of Mundy,* 106 Wis. 383, 82 N. W. 343.

It appears from the allegations of the complaint that the ancillary administration was closed and the property of the estate of William H. Davis distributed by final order before the commencement of this action, and in the absence of anything appearing in the complaint to the contrary it must be presumed that the time was limited for creditors to present their claims and notice duly given.  *Lannon v. Hackett,* 49 Wis. 261, 5 N. W. 474.  Under sec. 3838 it being the duty of the county court to receive, examine, and adjust all claims

against the estates of deceased persons, the right to bring an action against the executor or administrator is taken away, unless the court fails to fix a time within which claims may be presented or to give notice, and, if the time was not fixed and notice given as provided by statute, it should be made to appear in the complaint, since in such cases an action can only be maintained where facts exist taking the case out of the general rule, namely, that the settlement of the estate and bar of the claim in county court is conclusive. *Lannon v. Hackett, supra; Bostwick v. Estate of Dickson,* 65 Wis. 593, 26 N. W. 549.

It is, however, insisted by counsel for respondent that sufficient facts and circumstances are stated in the complaint to take the case out of the general rule, and this argument is based upon the idea that the claim set forth in the complaint is a contingent and not an absolute claim and therefore was not barred by the administration proceedings. In the case before us we are clear that the claim set up in the complaint is not a contingent claim. The mere fact that an accounting is necessary to determine the amount due does not make a claim a contingent claim. A contingent claim is one which may never accrue. 9 Cyc. 73. A contingent claim is one where the liability depends upon some future event which may or may not happen and therefore makes it uncertain whether there ever will be a liability. *Sargent's Adm'r v. Adm'r of Kimball's Estate,* 37 Vt. 320; *Austin v. Saveland's Estate,* 77 Wis. 108, 45 N. W. 955; *Mann v. Everts,* 64 Wis. 372, 25 N. W. 209; *South Milwaukee Co. v. Murphy,* 112 Wis. 614, 88 N. W. 583; *Brown's Ex'r v. Dunn's Estate,* 75 Vt. 264, 55 Atl. 364. What constitutes a contingent claim is very clearly stated in the case of *South Milwaukee Co. v. Murphy, supra,* as follows:

"If a liability exists, but it is uncertain whether it will ever be absolute in the sense of being enforceable, it is contingent within the meaning of the statute. The terms 'debt,'

'absolute debt,' 'liability,' and 'absolute liability' are used in the authorities in a way to confuse and lead to wrong deductions if one does not keep in mind that the essential element of a contingent claim is uncertainty as to whether it will ever be enforceable. True, so long as a debt is absolute it is not contingent, but it is not absolute if its enforceability is dependent upon a contingency that may never happen."

We think it clear upon the facts stated that the respondent's claim should have been presented in the county court before the estate of William H. Davis was closed and distributed. That court had jurisdiction of it. *Tryon v. Farnsworth,* 30 Wis. 577, 581; *Lannon v. Hackett,* 49 Wis. 261, 5 N. W. 474; *Batchelder v. Batchelder,* 20 Wis. 452; *Hawley v. Tesch,* 72 Wis. 299, 39 N. W. 483; *Gianella v. Bigelow,* 96 Wis. 185, 71 N. W. 111. Counsel for respondent relies upon *Logan v. Dixon,* 73 Wis. 533, 41 N. W. 713; *Blakely v. Smock,* 96 Wis. 611, 71 N. W. 1052; and *Stehn v. Hayssen,* 124 Wis. 583, 102 N. W. 1074, and the argument is that there are special circumstances which take the present case out of the general rule. But it being established that the claim is not a contingent one and that there is no necessity of bringing in parties who were not before the county court at the time of the settlement of the estate, or any other special circumstances set up in the complaint which would take the case out of the general rule, no case is made upon the allegations of the complaint.

It will be seen at once by an examination of the cases cited by respondent that they are not applicable here. In *Logan v. Dixon, supra,* the claim was a contingent claim and not capable of adjustment until after settlement of the estate, and *Blakely v. Smock* and *Stehn v. Hayssen, supra,* are cases where it was necessary to bring in third parties.

The distinction between such cases and the instant case is pointed out by this court in *Gianella v. Bigelow,* 96 Wis. 185, 71 N. W. 111. None of the difficulties encountered in the cases relied upon by respondent are present here. The

whole matter was between the respondent and the estate of William H. Davis. There are no special circumstances shown in the complaint which in any way interfered with or embarrassed the presentation, examination, and adjustment of the respondent's claim, if she had any, in the county court in the ancillary administration of William H. Davis's estate. It follows, therefore, that the complaint states no cause of action and the court below was in error in overruling the demurrer.

*By the Court.*—The order appealed from is reversed, and the action remanded with directions to sustain the demurrer to the complaint.